19488

William Roger CRENSHAW, by his Guardian Ad Litem, William Robert Crenshaw, Appellant, v. PREFERRED RISK MUTUAL INSURANCE COMPANY, Respondent.

(191 S. E. (2d) 718)

*William W. Kehl, Esq.,* of *Wyche, Burgess, Freeman & Parham P.A.,* Greenville, *for Appellant,*

*J. D. Todd, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,*

September. 19, 1972.

LEWIS, Justice:

This action concerns the liability of respondent, Preferred Risk Mutual Insurance Company, for a judgment obtained against the stepdaughter of its named insured for injuries

sustained from the operation by the stepdaughter of an automobile not owned by the insured.

Respondent had in force a policy of automobile liability insurance issued to one Clyde Camp. The vehicle described in that policy was a 1964 Chevrolet automobile. Wanda Moore, the minor stepdaughter of the named insured, was a resident of the insured's household and, as such, was an insured to whom statutory coverage was required to be extended under the provisions of the Motor Vehicle Safety Responsibility Act, Section 46-750.31 (2) of the 1962 Code Supplement, which defines the term "insured" to mean "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, . . ." *Pacific Insurance Co. of N. Y. v. Fireman's Fund Insurance Co.*, 247 S. C. 282, 147 S. E. (2d) 273.

Although the stepdaughter was, under the above section, a statutory insured, the policy issued by respondent contained a provision in the Insuring Agreement which defined the term "insured," with respect to the use of vehicles other than the one described in the policy, so as to include only the named insured and his wife. Therefore, under the policy definition, the stepdaughter was an insured while driving the automobile described in the policy, but was not an insured while driving any other vehicle.

On August 16, 1968, the stepdaughter, while driving a 1963 Dodge station wagon owned by Eva Brown Ladnier, was involved in a collision with a vehicle owned by appellant Crenshaw. Thereafter, appellant obtained a judgment against the stepdaughter for injuries sustained by him in the accident. This action was then brought against respondent to recover the amount of the judgment obtained against the stepdaughter, upon the theory that she was afforded coverage as a statutory insured under the policy issued by respondent to her stepfather, Clyde Camp.

Respondent denied liability contending that, under the policy definition of an insured, the stepdaughter was exclu-

ded from coverage since the loss occurred while she was driving an automobile other than the one described in the policy. After filing an answer, respondent moved for summary judgment upon the foregoing ground. Appellant, while conceding that the policy definition of an insured excluded the stepdaughter from coverage while operating a non-owned vehicle, contended that, under Section 46-750.31 (2), *supra,* the stepdaughter was a statutory insured and that respondent was thus required to afford her coverage regardless of what vehicle she might be operating.

The trial judge granted respondent's motion for summary judgment, holding that the statute only required respondent to extend coverage to the stepdaughter while she was driving the vehicle described in the policy and therefore the exclusion of the stepdaughter from coverage while driving any other vehicle was a valid policy provision. This appeal is from the order granting summary judgment.

The question to be decided is whether Sections 46-750.31 (2), *supra,* and 46-750.32 of the Motor Vehicle Safety Responsibility Act, required that the policy issued by respondent provide coverage for the stepdaughter of the insured while she was driving a vehicle not described in the policy.

While the precise question was not involved in *Willis v. Fidelity & Casualty Co. of N. Y.,* 253 S. C. 91, 169 S. E. (2d) 282, the interpretation there adopted of the foregoing statutory provisions applies here and requires affirmance of the judgment under appeal. The following from the Willis case is dispositive of the issue in this case:

"There is no claim that this accident was covered by the terms of the policy. Instead, plaintiff contends that the grandfather's insurer was required by the Act to furnish liability coverage to Charles while he was operating his mother's uninsured vehicle. This is supportable only if the Act requires insurance against liability imposed by law for damages arising out of the use by a statutory insured of *any* motor vehicle regardless of ownership.

"We find no such requirement in the statutory language. The relevant section [46-750.32] pertains to insurance contracts against 'liability arising from the ownership, maintenance or use of *any* motor vehicle, * * * issued or delivered in this State to the owner of *such* vehicle, or * * * issued or delivered * * * upon *any* motor vehicle then principally garaged or principally used in this State * * *.' It only requires that such contracts insure 'the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of *such* motor vehicles * * *.' The word *such,* as used in the phrase 'such motor vehicles,' has the connotation of aforementioned, *i. e.,* those vehicles described in liability policies issued in this State. The prescribed coverage is required only as to liability arising from the ownership, maintenance or use of 'such (insured) vehicles.'

"Since the Act did not require the insurer to afford liability coverage with respect to a motor vehicle not described in the policy, this part of the insuring agreement was a voluntary contract as to which the parties were free to choose their terms. There was no conflict between the controlling exclusionary clause and the Act."

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, J.J., concur.