22524

Linda B. JACKSON, Administratrix of The Estate of Roosevelt Jackson, Appellant v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Dewey E. Price, Administrator of the Estate of Charles V. Price, Bobby Randall Davis and Robert Armstrong, Defendants, of whom State Farm Mutual Automobile Insurance Company is Respondent.

(342 S. E. (2d) 603)

Supreme Court

See also S. C. App., 342 S.E. (2d) 628.

*J. P. Anderson, Jr.,* of *Ayers & Anderson,* Greenwood, *for appellant.*

*William O. Sweeny, III,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondent.*

Heard Jan. 20, 1986.

Decided April 7, 1986.

NESS, Chief Justice:

Appellant Jackson brought this declaratory judgment action to determine whether non-owned vehicle coverage in four separate automobile insurance policies could be stacked. The trial judge held stacking was prohibited by the policy language. We affirm.

Dewey Price had four automobile liability insurance policies with respondent State Farm, each covering a separate vehicle. Each policy provided liability coverage when a named insured was driving a vehicle owned by another, provided the insured was driving with the consent of the owner. Price's son Charles, while driving Randy Davis' car with his consent, was involved in an accident in which Roosevelt Jackson was killed. Jackson's estate obtained a judgment against Charles Price, then brought this action to determine whether Price's non-owned coverage could be stacked.

Stacking refers to an insured's recovery of damages under more than one policy in succession until all of his damages are satisfied or until the total limits of all policies have been exhausted. *Lopez v. Foundation Reserve Insurance Company, Inc.,* 98 N. M. 166, 646 P. (2d), 1230 (1982). See also *Busby v. State Farm Mutual Automobile Insurance Company,* 280 S. C. 330, 312 S. E. (2d) 716 (Ct. App. 1984). Stacking is generally permitted unless limited by statute or by a valid policy provision. 7 Am. Jur. (2d), *Automobile Insurance,* Section 326. See also, *Gambrell v. Travelers Insurance Companies,* 280 S.C. 69, 310 S. E. (2d) 814 (1983). The test is how many additional coverages the insured has contracted for and purchased. *Esler v. United Services Automobile Association,* 273 S. C. 259, 255 S. E. (2d) 676 (1979).

In South Carolina an automobile liability insurance policy must provide certain minimum coverage. See, e.g., S. C. Code Ann. Section 56-9-820 (1976) [bodily injury and property damage]; Section 56-9-830 (1976) [uninsured motorists]. Each policy must provide the minimum benefits required by statute. *Belk v. Nationwide Mutual Insurance Company*, 271 S. C. 24, 244 S. E. (2d) 744 (1978). A policy provision which purports to limit stacking of statutorily-required coverage is invalid.[1] *Id.*

Coverage for non-owned vehicles is not required by statute, and is provided by a voluntary contract between the insured and the insurer. Therefore, the parties may choose their own terms regarding coverage for non-owned vehicles. *Willis v. Fidelity & Casualty Company of New York*, 253 S. C. 91, 169 S. E. (2d) 282 (1969). See also, *Kraft v. The Hartford Insurance Companies*, 279 S. C. 257, 305 S. E. (2d) 243 (1983); *Paul v. Hartford Accident & Indemnity Company* 443 F. Supp. 112 (D.C.S.C. 1977). Each of Price's policies contained a provision which placed a ceiling on the amount of coverage which could be stacked. This policy provision would be unenforceable as to coverage required by statute. However, it is valid as to any voluntary coverage to which the parties contracted.

Insurance policies are subject to general rules of contract construction. *Gambrell v. Travelers Insurance Companies, supra*. Parties to an insurance policy have the right to make their own contract and it is not the function of the Court to rewrite it or torture the meaning of the policy to extend coverage never intended by the parties. *Torrington Company v. Aetna Casualty & Surety Company*, 264 S. C. 636, 216 S. E. (2d) 547 (1975).

A contract provision which purports to limit stacking of non-owned vehicle coverage is valid. The decision of the trial judge is affirmed.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] Required coverage is coverage required to be provided or required to be offered. *Busby v. State Farm Mutual Automobile Insurance Company, supra.*