22956

Carolyn Sue GILES, Appellant v. Willie Louis WHITAKER and State Farm
Mutual Automobile Insurance Company, of whom State Farm Mutual
Automobile Insurance Company is Respondent.

(376 S. E. (2d) 278)

Supreme Court

*R. Eugene Pruitt, Jr.,* of *Hite and Pruitt,* Abbeville, *for appellant.*

*David A. Brown,* of *Henderson & Salley,* Aiken, *for respondent.*

Heard Dec. 9, 1988.

Decided Feb. 6, 1989.

*Per Curiam:*

Appellant (Giles) brought this declaratory judgment action to determine whether automobile liability coverage under three insurance policies issued by respondent (State Farm) could be stacked. The trial judge held Giles was not entitled to stack the automobile liability coverage and that State Farm's liability was limited to $15,000. We affirm.

On April 4, 1986, Whitaker purchased a Jeep. At his request, State Farm deleted a Chevrolet from one of his insurance policies and substituted the Jeep in its place. This "Chevrolet policy" provided bodily injury coverage in the amount of $15,000.

While driving his Jeep four days later, Whitaker was involved in an automobile accident with Giles. Subsequently, Giles brought a personal injury action against Whitaker and obtained a verdict of $100,000. State Farm tendered Giles $15,000, the maximum bodily coverage available in the "Chevrolet policy."

In addition to the "Chevrolet policy," Whitaker had two other automobile liability insurance policies with State Farm in effect on the day he purchased the Jeep and on the day of the accident. One of these policies provided $15,000 bodily injury coverage and the other provided $25,000 bodily injury coverage. Neither of these policies listed the Jeep as a described vehicle. Except for the limits of coverage, the language in all three of Whitaker's policies are identical.

Giles brought this action to recover additional sums from State Farm. Giles first sought to stack the liability coverage available in Whitaker's two order policies. She claimed certain provisions in the insurance policies were invalid because they limited stacking of liability coverage.

The trial judge held Giles was not entitled to stack the coverage of the three liability insurance policies. We agree. Stacking is defined as the insured's recovery of ■■ damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met. An insurance policy provision which attempts to limit stacking of statutorily-required coverage is invalid. *Jackson v. State Farm Mutual Automobile Ins. Co.,* 288 S. C. 335, 342 S. E. (2d) 603 (1986).

South Carolina Code Ann. § 56-9-820 (1976)[1] establishes the policy minimums for automobile liability insurance. This statute has been interpreted as not requiring the insurer to provide liability coverage for automobiles other than the one described in the policy. *Crenshaw v. Preferred Risk Mutual Ins. Co.*, 259 S. C. 302, 191 S. E. (2d) 718 (1972); *Willis v. Fidelity & Casualty Co.*, 253 S. C. 91, 169 S. E. (2d) 282 (1969).

■ Because there is no statutory requirement that State Farm provide liability coverage for vehicles other than the one described in the policy, the policy provisions limiting stacking of liability insurance were valid. Therefore, we hold the trial judge did not err by determining the policy provisions limiting stacking were valid.

■ Alternatively, Giles sought to recover an additional $10,000 from State Farm. Giles claimed that although the Jeep was not the described vehicle in Whitaker's two other automobile liability policies, the two other policies were still applicable because they specifically covered newly acquired vehicles such as the Jeep. Based on language in the insurance policies, Giles argued she should have recovered $25,000, the highest coverage available on any of the policies issued by State Farm. We disagree.

Language in the insurance policies provides that once a newly acquired car was listed as a described vehicle in one vehicle liability policy, the newly acquired car coverage of other policies ceased to apply. Accordingly, when Whitaker elected to cover the Jeep in his "Chevrolet policy," liability coverage from the two other policies was no longer available. Therefore, at the time of the accident, the only coverage available was that provided by the "Chevrolet policy." For this reason, we hold the trial judge did not err by concluding Giles was not entitled to recover an additional $10,000.

Affirmed.

---

[1] The car accident occurred and this suit was instituted prior to the effective date of Act No. 155, 1987 S. C. Acts 385 which repealed numerous sections of the South Carolina Code of 1976.