23920

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** Appellant v. David RICHARDSON, Patricia Richardson, and Brett Floyd, a minor under the age of fourteen, Respondents.

(437 S.E. (2d) 43)

Supreme Court

*William W. Kehl* of *Wyche, Burgess, Freeman & Parham, P.A.,* Greenville, *for appellant.*

*Douglas F. Patrick* of *Covington and Patrick,* Greenville, *for respondents.*

Heard June 9, 1993.

Decided Aug. 23, 1993.

HARWELL, Chief Justice:

This is a declaratory judgment action. State Farm Mutual Automobile Insurance Company (State Farm) contends that the trial judge erred in ruling that a clause in an automobile insurance policy which prevents a claimant from stacking personal injury protection (PIP) benefits violates S.C. Code Ann. § 38-77-145 (Supp. 1992). We agree and reverse.

## I. FACTS

David and Patricia Richardson (Richardsons) incurred medical expenses in excess of $20,000 after their minor child was injured in a bicycle-automobile collision. The Richardsons filed a claim for PIP benefits under two State Farm automobile insurance policies that each carried at $10,000 maximum medical payment provision. State Farm paid $10,000 under one policy but denied payment on the other based on the following language in its policy:

If two or more policies issued by us to you, your spouse, or your relatives provide vehicle Medical Payments Coverage and apply to these same bodily injuries sustained; (a) while occupying a non-owned car, a temporary substitute car, or
(b) as a pedestrian,
*the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability.* (Emphasis added.)

The Richardsons brought this declaratory judgment action, claiming that State Farm's refusal to pay PIP benefits under more than one policy amounted to a setoff of one policy against another and, therefore, violated section 38-77-145. The trial judge agreed and ordered State Farm to pay the Richardsons $10,000 under the second policy.

## II. DISCUSSION

State Farm contends that the disputed language in its ■ policy comprises an antistacking[1] clause rather than a setoff within the meaning of 38-77-145. We agree.

Section 38-77-145 provides:

> There is no personal injury protection (PIP) coverage mandated under the automobile insurance laws of this State. Any reference to personal injury protection in Titles 38 or 56 or elsewhere is deleted. If an insurer sells no-fault insurance coverage which provides personal injury protection, medical payment coverage, or economic loss coverage, the coverage must not be assigned or subrogated and *is not subject to a set-off.* (Emphasis added.)

Prior to the passage of Act No. 148, 1989 S.C. Acts 427, the Legislature allowed a tortfeasor to reduce his liability to a claimant by the amount of PIP benefits received by the claimant. See S.C. Code Ann. § 38-77-290(f) (1989). We termed this tortfeasor liability reduction a "set-off" in *Moultrie v. North River Ins. Co., Inc.*, 272 S.C. 53, 249 S.E. (2d) 158 (1978).

In 1989, the Legislature made sweeping reforms in ■ automobile insurance law. *See* Act No. 148, 1989 S.C. Acts 427. In section 57 of that Act, the Legislature repealed the tortfeasor's statutory "set-off" authorized by section 38-77-290(f). *See* 1989 S.C. Acts at 513. Concurrently, in section 34 of Act 148, the Legislature expressly provided that PIP coverage was not subject to a "set-off." *See* 1989 S.C. Acts at 470. In our view, the Legislature intended for the "set-off" prohibition in section 34 of Act 148 to refer to the statute allowing reduction of a tortfeasor's liability which was repealed in section 57 of Act 148. Accordingly, we find that the "set-off" prohibited by section 34 of Act 148, now codified in section 38-77-145, is the tortfeasor's reduction in liability formerly allowed by section 38-77-290(f). This finding is consistent with the Legislature's decision to make

---

[1] "Stacking" is an insured's recovery of damages under more than one policy in succession until all damages are satisfied or until the total limits of all polices have been exhausted. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E. (2d) 603 (1986).

PIP coverage nonmandatory in section 38-77-145. Insurance companies may prohibit the stacking of nonmandatory coverage. *See Giles v. Whitaker*, 297 S.C. 267, 376 S.E. (2d) 278 (1989); *Jackson v. State Farm Mut. Auto Ins. Co.*, 288 S.C. 335, 342 S.E. (2d) 603 (1986).[2]

An elementary and cardinal rule of statutory construction is that the Court must ascertain and effectuate the Legislature's intent. *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 377 S.E. (2d) 569 (1989). Having found that the Legislature intended the setoff prohibition of section 38-77-145 to apply only to the tortfeasor, we hold that the trial judge erred in ruling that antistacking clauses are prohibited by that section. Accordingly, the order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2] This interpretation of section 38-77-145 also is consistent with a Conference Committee report adopted by both Houses of the General Assembly just before Act 148 was passed. That report states:

> If a (sic) insurer does voluntarily sell PIP coverage . . . it may NOT be assigned or subrogated and may not be setoff [from the fortfeasor's liability coverage]. (Bracketed material in original.)