2532

Wayne M. and Betty RUPPE, Individually, and Wayne M. Ruppe as Personal Representative of the Estate of Sonja K. Ruppe, Respondents v. AUTO-OWNERS INSURANCE COMPANY, Appellant.

(475 S.E. (2d) 771)

Court of Appeals

*Reginald L. Foster,* Spartanburg, *for appellant.*

*James A. Merritt, Jr., Deborah R.J. Shupe* and *William K. Witherspoon,* all of *Berry, Adams, Quackenbush & Dunbar,* Columbia, *for respondents.*

Heard May 8, 1996.

Decided July 8, 1996; Reh. Den. Sept. 24, 1996.

*Per Curiam:*

In this declaratory judgment action, Respondents Wayne M. and Betty W. Ruppe (the Ruppes) sought judicial determination of the applicable limit of coverage under a policy of liability insurance issued by Appellant Auto-Owners Insurance Company (Auto-Owners). The Ruppes sought to "stack" the $100,000 limit of liability coverage in a policy covering two au-

tomobiles. The trial court found the liability coverage could be stacked. Auto-Owners appeals. We affirm as modified.

The parties stipulated to the following facts. On September 14, 1990, Linda Bagwell entered Interstate 85 in the wrong direction, resulting in a head-on collision in which Sonja Ruppe was killed. Linda and Joseph Bagwell owned two cars, a 1987 Mercury Topaz and a 1976 Oldsmobile Cutlass, both of which were covered for liability insurance under a single "combined liability" policy issued by Auto-Owners. The policy declaration page shows separate and equal premiums for the two cars. At the time of the accident, Linda Bagwell was driving the Oldsmobile.

Auto-Owners paid the Ruppes $100,000 in coverage, but declined to pay a second $100,000 asserting that under the Limit of Liability provision in the policy, the two coverages could not be stacked. The Ruppes insist they are entitled to have the two coverages stacked, and are therefore entitled to payment of a second $100,000 in coverage. The limit of liability provision in question provides in part:

> We will pay damages for bodily injury or property damage up to the limit of liability stated in the Declarations. The limit stated for "each person" is the most we will pay for all damages, including damages for expenses, care and loss of services, for bodily injury to one person in any one occurrence. We will pay no more than the limit stated for "each occurrence" when two or more persons are injured in the same occurrence. Charging premiums under this policy for more than one automobile does not increase the limit of our liability as stated for "each person" and "each occurrence."

This court addressed a factually similar situation in *Thompson v. Continental Ins. Cos.*, 291 S.C. 47, 351 S.E. (2d) 904 (Ct. App. 1986). In *Thompson*, Continental issued a "Personal Comprehensive Protection" insurance policy to Joseph Faulkenberry and his wife. Two vehicles were listed in the policy with a $100,000 limit of coverage for each accident. While driving one of the cars, Faulkenberry collided with another car in which Michelle Thompson was injured. Continental paid the Thompsons $100,000 and the Thompsons sought to stack another $100,000 in liability coverage for the other vehi-

cle listed in the policy. This court affirmed the trial court's finding the liability coverage could not stacked. *Id.* In reaching that decision, this court found the separability clause in Continental's policy, which stated "[i]f two or more vehicles are covered under this policy, the limit of coverage applies separately to each," was plain, clear, and unambiguous and did not require interpretation. *Id.* at 52, 351 S.E. (2d) at 907. This court also found the clause did not apply the terms of Continental's policy separately to each listed automobile, but only applied the "Limit of Coverage" under a single policy separately to each owned automobile. *Id.* We concluded the language of Continental's policy assured the application of the $100,000 limit of coverage to any one of the listed vehicles involved in an accident, but it did no more. *Id.* at 54, 351 S.E. (2d) at 908. As a result, this court concluded the Thompsons could not stack the two coverages. *Id.* In effect, this court found the insurer had not issued two policies of insurance and contrasted the language of the separability clause in the Continental policy with the separability clause in *Kraft v. Hartford Ins. Co.*, 279 S.C. 257, 305 S.E. (2d) 243 (1983).

Although *Thompson* appears to be relevant to the issue in this case, the trial court refused to follow *Thompson* finding this court "apparently ignored the clearly enunciated rule" in *Giles v. Whitaker*, 297 S.C. 267, 376 S.E. (2d) 278 (1989); *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E. (2d) 603 (1986); *Busby v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E. (2d) 603 (1986); *Busby v. State Farm Mut. Auto. Ins. Co.*, 280 S.C. 330, 312 S.E. (2d) 716 (Ct. App. 1984) and *Kraft v. Hartford Ins. Co.*, 279 S.C. 257, 305 S.E. (2d) 243 (1983), that a provision limiting stacking of statutorily required coverages is invalid. Of course, *Thompson* discusses in depth the Kraft decision and it is therefore incorrect to say this court ignored that decision. *Thompson,* however, does not mention *Jackson v. State Farm*, even though the decision antedates *Jackson*. In fact, it could not have considered *Giles* Because that case was decided subsequent to *Thompson*.

In *Jackson v. State Farm*, our Supreme Court addressed the issue of stacking liability insurance. *Jackson* involved an insured who had four automobile liability insurance policies with State Farm covering four separate automobiles. Each policy provided liability coverage when a named insured was

driving a vehicle owned by another, provided the insured was driving with the consent of the owner. The insured's son, while driving a vehicle owned by another and with his consent, was involved in an accident in which Jackson was killed. Jackson's estate sought to stack the insured's nonowned coverages. The Supreme Court affirmed the trial court's finding that stacking was prohibited by the policy language.

In reaching this decision, the Supreme Court set forth an overview of the law of stacking. The Court stated: "Stacking is generally permitted unless limited by statute or by a valid policy provision. The test is how many additional coverages the insured has contracted for and purchased." 288 S.C. at 336, 342 S.E. (2d) at 604. (Citations omitted.) The Court further stated: "A policy provision which purports to limit stacking of statutorily-required coverage is invalid." 288 S.C. at 337, 342 S.E. (2d) at 604. The Court defined "statutorily-required coverage" as coverage required to be provided or required to be offered. 288 S.C. at 337, 342 S.E. (2d) at 604, n. 1. Following these principles, the Court reasoned coverage for nonowned vehicles is not required by statute, and is provided by a voluntary contract between the insured and the insurer. *Id.* at 377, 342 S.E. (2d) at 604; *see also Kraft v. Hartford Ins. Co.,* 279 S.C. 257, 305 S.E. (2d) 243 (1983). Therefore, the Court held the policy provision placing a cap on the stacking of coverage for nonowned vehicles was valid. *Id.* at 337, 342 S.E. (2d) at 605. However, the Court stated such a policy provision would be unenforceable as to coverage required by statute. *Id.* at 337, 342 S.E. (2d) at 605.

In *Giles v. Whitaker,* Whitaker was involved in an automobile accident in which Giles was injured. Giles received a $100,000 judgment against Whitaker who was insured by State Farm. At the time of the accident, Whitaker had three identical liability policies issued by State Farm, two of which did not list the vehicle involved in the accident as a described vehicle. The Supreme Court affirmed the trial judge's finding that Giles was not entitled to stack the liability insurance of the three vehicles. *Id.* Citing *Jackson,* the Court stated "an insurance policy provision which attempts to limit stacking of statutorily-required coverage is invalid." *Id.* at 268, 376 S.E. (2d) at 279. The Court stated the insurer is not required to provided liability coverage for automobiles other than the one

described in the policy. *Id.* at 269, 376 S.E. (2d) at 279 (citing *Crenshaw v. Preferred Risk Mut. Ins. Co.*, 259 S.C. 302, 191 S.E. (2d) 718 (1972)). The Court held that because there is no statutory requirement that an insurer provide liability coverage for vehicles other than the one described in the policy, the policy provisions limiting stacking of liability insurance were valid. *Id.* at 269, 376 S.E. (2d) at 280.

In *Brown v. Continental Ins. Co.*, 315 S.C. 393, 434 S.E. (2d) 270 (1993), a case involving stacking of uninsured (UM) and underinsured (UIM) coverage, the Supreme Court reaffirmed its holdings in *Jackson* and *Giles*. In *Brown* the insured had a single automobile insurance policy with Continental covering two vehicles. Neither of the cars listed in the policy was involved in the accident. The vehicle driven by the at-fault party was uninsured. Continental paid the Browns $100,000 in UM benefits and $100,000 in UIM benefits. The Browns sought to stack UM and UIM coverage for each insured vehicle, for a total of $200,000 UM and $200,000 UIM benefits. The terms of the policy provided neither UM nor UIM could be stacked when an insured vehicle was not involved in the accident. The Supreme Court held the Browns' UM and UIM coverage could not be stacked. *Id.* In reaching its decision, the Court identified a statutory restriction which prohibited stacking of UM and UIM coverage when an insured vehicle is not involved in the accident. *Id.* at 395, 434 S.E. (2d) at 271; *see also* S.C. Code Ann. § 38-77-160 (Supp. 1995). Citing *Jackson* and *Giles*, the Browns argued the policy provision restricting stacking of statutorily required coverage was invalid. *Brown*, 315 S.C. 393, 434 S.E. (2d) 270. The Court agreed the UIM and UM coverages qualified as statutorily required coverages; however, the Court found the policy provision to be valid because it tracked the statutory restriction. *Id.* The Court distinguished *Jackson* and *Giles*, noting the two cases involved liability insurance which is not subject to a statutory restriction on stacking. *Id.*

Applying the principles stated in *Jackson* and *Giles*, we recognize stacking is generally permitted unless limited by statute or by a valid policy provision; a policy provision attempting to limit stacking of statutorily required coverage is invalid; and liability insurance is statutorily required coverage. S.C. Code Ann. § 38-77-140 (1989).

Stacking is defined in *Giles* as "the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met." 297 S.C. at 268, 376 S.E. (2d) at 279. As noted in *Thompson*, intra-policy stacking becomes possible only if coverage on each vehicle in a multiple vehicle coverage policy in treated as a "theoretical 'separate policy.' " *See Kraft v. Hartford Ins. Co.*, 279 S.C. 257, 305 S.E. (2d) 243 (1983); *Government Employees Ins. Co. v. Brown*, 446 So. (2d) 1002 (Miss. 1984). Assuming, for the purpose of stacking, we treat the coverages on the Bagwells' two automobiles as separate policy coverages, *Giles* would appeal to permit enforcement of the anti-stacking provision in each policy. *Giles* reaffirms *Crenshaw v. Preferred Risk Mut. Ins. Co.*, 259 S.C. 302, 191 S.E. (2d) 718 (1972), and *Willis v. Fidelity & Cas. Co.*, 253 S.C. 91, 169 S.E. (2d) 282 (1969) for the proposition that S.C. Code Ann. § 56-9-820 (1976) (now § 38-77-140 (1985)) does not require the insurer "to provide liability coverage for automobiles other than the one described in the policy." *See also* B.R. Maybanks, III, et al. *The Law of Automobile Insurance in South Carolina* Chap. X, 15-16 (Supp. 1989) (Unlike UM and UIM coverage, an insured's liability policy need only insure the vehicle listed in the named insured's declaration pages). Viewing each vehicle coverage separately, only one vehicle is listed in each declaration of coverage. We therefore see no reason to treat the coverage in this case any differently from the treatment it would be entitled to if three separate policies had been issued, as was done in *Giles*.

It makes no sense to us that the anti-stacking provision would have been enforced under the circumstances of this case if Auto-Owners had issued two policies with identical language, but is invalid here because only one policy was issued. Such a result is especially incongruous when we consider the fact that Ruppe is only entitled to have the court consider the theory of stacking by engaging in the "theoretical separate policy" analysis discussed in *Thompson* and *Kraft*. The policy states it is a combined liability coverage policy and applies a multicar discount and while equally dividing the liability premium between the two vehicles, states a total premium for both vehicles. The stated premium basis for each vehicle is identical. Clearly, the parties to this insurance contract in-

tended to limit Auto-Owners' total coverage to $100,000 per occurrence regardless of the number of vehicles listed in the policy. Thus, any additional coverage must necessarily come about by operation of law, not by contract.

Nevertheless, because *Brown v. Continental Ins. Co.* ▪ confirms the pronouncements in *Jackson* and *Giles* that policy provisions attempting to limit stacking of statutorily required coverages are invalid, we interpret the instant policy to give effect to *Jackson* and *Giles*. We therefore hold that *Jackson* and *Giles*[1] preclude an insurer from restricting the stacking of liability coverages in a single policy covering multiple vehicles as to sums required to be provided by statute. *See* B.R. Maybanks, III, et at. *The Law of Automobile Insurance in South Carolina* Chap X, 16 ("Note that the holding of the *Giles* case does not preclude stacking of liability coverages when multiple vehicles are covered under one policy."). S.C. Code Ann. § 38-77-140 requires liability coverage in the amount of "fifteen thousand dollars because of bodily injury to one person in any one accident." We therefore hold the Ruppes may stack coverages only in the amount of an additional $15,000. In limiting stacking to this amount, we note the parties agreed by endorsement to the policy that "[w]ith respect to any limit stated in the Declarations which exceeds the financial responsibility limit of this state, such excess applies only to the extent of the limits: (1) Which apply to the automobile involved in the accident."

While we recognize this court is obliged to follow *Thompson* until it has been overruled by the Supreme Court, we nevertheless must follow rulings by our Supreme Court that appear to be or are arguably inconsistent with it. Because we cannot reconcile the treatment afforded an anti-stacking provision in a *Giles* multiple policy coverage situation with the single policy multiple coverage treatment we have afforded to the policy in dispute, we invite the Supreme Court to review this apparent incongruity should it see fit to do so. Meanwhile, the order of the trial court is affirmed as modified.

---

[1] Arguably, *Giles* and *Jackson* are inconsistent in view of the fact that multi-policy coverages were provided in *Jackson,* yet the court held, unlike it did in *Giles,* that the anti-stacking provisions in those policies would have been invalid if they applied to statutorily required coverage. On the other hand, the limiting language in *Jackson* can be viewed as dicta.

Affirmed as modified.

CURETON, GOOLSBY and ANDERSON, JJ., concur.