496 S.E.2d 631

**Wayne M. and Betty W. RUPPE, Individually, and Wayne Ruppe as Personal Representative of the Estate of Sonja K. Ruppe, Petitioners/Respondents,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Respondent/Petitioner.**

**No. 24761.**

Supreme Court of South Carolina.

Heard Dec. 4, 1997.

Decided Feb. 9, 1998.

James A. Merritt, Jr., William K. Witherspoon and Deborah R.J. Shupe, Columbia, for Petitioners/Respondents.

Reginald L. Foster, Spartanburg, for Respondent/Petitioner.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision holding stacking of liability coverage cannot be validly prohibited by contract where the owner's vehicles are insured under a single policy.[1] We reverse.

## FACTS

Sonja Ruppe was killed when her car was struck head on by a car owned and driven by Linda Bagwell. The Bagwells insured two cars under a single policy with respondent/petitioner (Auto–Owners). Each car had liability coverage of $100,000. Auto–Owners paid petitioners/respondents (the Ruppes) $100,000 in liability coverage applicable to the car involved in the collision. The Ruppes then commenced this

---

1. 323 S.C. 425, 475 S.E.2d 771 (1996).

declaratory judgment action claiming they were entitled to stack an additional $100,000 liability coverage from the Bagwells' other insured vehicle.

Despite a provision in the policy prohibiting stacking, the trial judge held the Ruppes were entitled to stack an additional $100,000 in liability coverage. The Court of Appeals affirmed but modified the amount stacked.

## DISCUSSION

■ Auto–Owners contends the Court of Appeals erred in allowing stacking of liability coverage in the face of the policy provision prohibiting it. We agree.

■ Generally, stacking of additional coverage for which the insured has contracted is permitted unless limited by statute or a valid policy provision. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E.2d 603 (1986). In *Giles v. Whitaker*, 297 S.C. 267, 376 S.E.2d 278 (1989), we held a policy provision prohibiting stacking of liability insurance was valid and stacking was not permitted.[2]

■ *Giles* is precisely on point in this case.[3] Further, *Giles* is consistent with the majority rule that a policy provision limiting stacking of liability coverage is valid. *See, e.g., Gibbons v. Shockley*, 341 So.2d 260 (Fla.App.1977); *Georgia Farm Bureau Mut. Ins. Co. v. Shook*, 215 Ga.App. 66, 449 S.E.2d 658 (1994); *Butler v. Robinette*, 614 S.W.2d 944 (Ky.1981); *Oarr v. Gov't Emp. Ins. Co.*, 39 Md.App. 122, 383 A.2d 1112 (1978).

The Ruppes contend, however, that a policy provision purporting to limit stacking of statutorily required coverage is invalid. Statutorily required coverage is that which is re-

2. *See also Thompson v. Continental Ins. Companies*, 291 S.C. 47, 351 S.E.2d 904 (Ct.App.1986) (disallowing stacking of liability coverages provided under a single policy where the policy prohibited it).

3. In *Giles*, the insured was driving one of his own three insured vehicles and was involved in a wreck. The injured party sought to stack the liability coverage from each of the insured's three policies. The Court of Appeals found *Giles* involved more than one policy. This ruling is incorrect. Stacking does not depend upon the number of policies issued but rather the number of additional coverages for which the insured has contracted. *Esler v. United Servs. Auto. Ass'n*, 273 S.C. 259, 255 S.E.2d 676 (1979).

quired to be offered or provided. *Brown v. Continental Ins. Co.*, 315 S.C. 393, 434 S.E.2d 270 (1993). Since liability insurance is required under S.C.Code Ann. § 38–77–140 (1989), the Ruppes argue stacking of liability coverage cannot be limited by a policy provision.

Dicta in *Jackson, supra*, states the rule that stacking of statutorily required coverage cannot be contractually prohibited.[4] A review of current stacking cases, however, indicates this statement is an oversimplification of our stacking law and we decline to apply it here.

First, stacking of uninsured and underinsured coverages, which are both statutorily required coverages, is governed specifically by statute. *See* S.C.Code Ann. § 38–77–160 (Supp. 1996). Construing specific statutory language,[5] we have held an insured is entitled to stack underinsured or uninsured coverage in an amount no greater than the amount of coverage on the vehicle involved in the accident. *S.C. Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 405 S.E.2d 396 (1991). To this extent, stacking cannot be contractually prohibited. *Nationwide Mut. Ins. Co. v. Howard*, 288 S.C. 5, 339 S.E.2d 501 (1985). Where none of the insured's vehicles is

---

4. *Jackson* cites *Belk v. Nationwide Mut. Ins. Co.*, 271 S.C. 24, 244 S.E.2d 744 (1978), for this proposition. *Belk* involved stacking of personal injury protection coverage, a type of coverage that at the time was statutorily required. To the extent *Belk* may be read to stand for the proposition cited in *Jackson*, it is hereby overruled.

5. Section 38–77–160 provides in pertinent part:

   Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 38–77–150. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

involved in the wreck, however, stacking of underinsured or uninsured coverage may be prohibited. *Brown, supra.*

Stacking of non-owned liability coverage [6] is controlled by our decision in *Jackson, supra.* In *Jackson,* we held stacking of this type coverage may be prohibited by contract because it is not statutorily required coverage.[7] This holding is supported by the rationale that the parties are free to choose their terms regarding voluntary coverage that is not governed by statute. *Willis v. Fidelity & Cas. Co.,* 253 S.C. 91, 169 S.E.2d 282 (1969).[8]

The guiding principle to be gleaned from our current stacking law is that stacking may be prohibited by contract if such a prohibition is consistent with statutory insurance requirements.

In this case, we look to § 38–77–140 which mandates liability insurance in this State. This section requires coverage under a policy issued to the owner of a motor vehicle for liability arising out of the ownership, maintenance, or use of that motor vehicle. Liability coverage, therefore, while statutorily required, **is limited to the particular vehicle for which it is purchased.** The extent of liability coverage is thus statutorily defined by the amount of coverage on the insured vehicle and does not encompass coverage applicable to other vehicles.[9] Accordingly, a policy provision prohibiting stacking is consistent with statutory insurance requirements regarding liability coverage.

---

**6.** Non-owned liability insurance protects an at-fault insured while driving someone else's vehicle whereas liability coverage protects an at-fault insured while driving a particular vehicle owned by the insured.

**7.** From our holding in *Jackson* it does not follow conversely that stacking of **any** coverage that is statutorily required **cannot** be prohibited by contract.

**8.** *See also State Farm Mut. Auto. Ins. Co. v. Richardson,* 313 S.C. 58, 437 S.E.2d 43 (1993) (insurance companies may prohibit stacking of non-mandatory coverages).

**9.** *Accord First Nat'l Ins. Co. v. Clark,* 899 S.W.2d 520 (Mo.1995) (upholding validity of a policy provision prohibiting stacking of liability coverage because liability insurance relates to the use and operation of a particularly described motor vehicle).

We reaffirm *Giles* and hold the policy provision prohibiting stacking of liability coverage is valid. In light of this disposition, we need not address the issue raised by the Ruppes regarding the amount of coverage stacked.

**REVERSED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.