500 S.E.2d 125

Robert D. MANGUM and Linda Cater Mangum, as Personal Representatives of the Estate of Tyler R. Mangum, a minor under the age of fourteen (14) years, deceased, and Janis L. Parsons, as Personal Representative of the Estate of Crystal M. Tingen, a minor over the age of fourteen (14) years, deceased, Appellants,

v.

MARYLAND CASUALTY COMPANY and Sadrina D. League, Respondents.

No. 2821.

Court of Appeals of South Carolina.

Submitted March 3, 1998.

Decided March 30, 1998.

574

Eugene C. Covington, Jr., of Covington, Patrick, Hagins & Lewis, Greenville, for appellants.

Herman E. Cox; and Ronald G. Tate, Jr., of Gibbes, Gallivan, White & Boyd, Greenville, for respondents.

STILWELL, Judge:

The issue in this insurance case is whether sole shareholders in a closely held corporation are entitled to stack under the corporation's garage policy. Robert D. Mangum and Linda Cater Mangum, Personal Representatives of the Estate of Tyler Mangum, and Janis L. Parsons, Personal Representative of the Estate of Crystal M. Tingen, filed this declaratory judgment action against Maryland Casualty Company seeking

to stack coverages on automobiles owned by Bob's, Inc. The trial court granted Maryland Casualty's motion for summary judgment and found that neither the liability nor the underinsured (UIM) coverage could be stacked. The Mangums and Parsons appeal. We affirm.

Bob's, Inc. is a closely held corporation and the Mangums are the sole stockholders and officers of the corporation. Six license plates are insured under a garage policy issued by Maryland Casualty providing $300,000 single limits liability coverage and $300,000 single limits uninsured and underinsured coverage. The named insured is Bob's, Inc.

On March 6, 1996, Mandy Mangum, the Mangums' 16-year-old daughter, was driving a Honda automobile owned by Bob's, Inc. and covered by the garage policy. Tyler, the Mangums' 8-year-old son, and Tingen, Parsons's 16-year-old daughter, were passengers. Mandy crossed the center line and collided with a car occupied by Joseph Gambrell and his passenger Sadrina League. Mandy, Tyler, and Tingen died instantly. Gambrell and League escaped with personal injuries. Maryland Casualty tendered the $300,000 liability and $300,000 UIM benefits.

## I.

The Mangums claim Tyler was entitled to stack UIM coverage pursuant to section 38-77-160 because he was occupying an owned vehicle and therefore, was a Class I insured.[1] We disagree.

Stacking permits the insured's recovery of damages under more than one policy until the insured satisfies all of his damages or exhausts the limits of all available policies. *Giles v. Whitaker*, 297 S.C. 267, 376 S.E.2d 278 (1989). Generally, an insured can stack policies unless limited by statute or by a valid policy provision. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 342 S.E.2d 603 (1986).

Section 38-77-160, provides in pertinent part:

If ... an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the

---

1. Parsons conceded Tingen was a Class II insured unable to stack UIM benefits.

basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

S.C.Code Ann. § 38–77–160 (Supp.1997).

In order to stack under section 38–77–160 the insured must be a Class I insured. *Ohio Casualty Ins. Co. v. Hill,* 323 S.C. 208, 473 S.E.2d 843 (Ct.App.1996), *cert. denied,* (Dec. 19, 1996). A Class I insured is an insured or named insured that has a vehicle involved in the accident. *South Carolina Farm Bureau Mut. Ins. Co. v. Mooneyham,* 304 S.C. 442, 442 n. 1, 405 S.E.2d 396, 397 n. 1 (1991). A Class II insured is an insured whose vehicle was not involved in the accident and is not entitled to stack. *Id.*

Tyler, as a resident relative, enjoys the same status as the Mangums. If the Mangums are Class I insureds, so was Tyler. Bob's, Inc. owned the car and was the named insured. The policy did not name any individuals. The Mangums were not Class I insureds because they were not named insureds and did not own a vehicle involved in the accident. Therefore, Tyler could not be a Class I insured.

The Mangums, sole shareholders of the corporation, assert they are Class I insureds under the corporation's policy because they are, in essence, the corporation. They maintain some class of individuals must have stacking rights; otherwise, the UIM statute is meaningless in the corporate context. Maryland Casualty argues that the Mangums essentially present a reverse piercing argument and that Bob's, Inc. has no Class I insureds for stacking purposes. We agree.

A corporation is not a natural person and maintains a separate and distinct identity apart from its shareholders. *Costas v. First Fed. Sav. & Loan Ass'n,* 283 S.C. 94, 321 S.E.2d 51 (1984). "[T]his oft-stated principle is equally applicable, whether the corporation has many or only one stockholder." *Id.* at 102, 321 S.E.2d at 56. It is settled authority that the doctrine of piercing the corporate veil is not to be

applied without substantial reflection. *Baker v. Equitable Leasing Corp.,* 275 S.C. 359, 271 S.E.2d 596 (1980).

A corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons. *Sturkie v. Sifly,* 280 S.C. 453, 313 S.E.2d 316 (Ct.App.1984); *see Hogan v. Mayor & Aldermen of Savannah,* 171 Ga.App. 671, 320 S.E.2d 555 (1984) (where the injured party attempted to collect insurance premiums under a corporate policy, the court rejected the reverse piercing argument).

This reverse piercing argument was also rejected in the North Carolina case of *Sproles v. Greene,* 329 N.C. 603, 407 S.E.2d 497 (1991). In *Sproles,* employees of a corporation argued the purpose of UIM was to protect people and that because a corporation cannot be physically injured, UIM coverage in the corporate context must cover the corporation's employees. The North Carolina Supreme Court concluded the employees were not Class I insureds and stated:

> Although under the terms of the policy ... the corporation is the only named insured and thus the only class one insured and therefore the class one insured under the policy cannot sustain bodily injury, the UIM coverage of the policy does have effect because it provides protection to employees of the corporation who would receive coverage as class two insureds when they are using a vehicle which is covered under the terms of the policy.

*Id.* 407 S.E.2d at 501.

## II.

In their second issue on appeal the appellants claim that *Ruppe v. Auto–Owners Ins. Co.,* 323 S.C. 425, 475 S.E.2d 771 (Ct.App.1996), applies equally to garage policies issued to corporate entities.

In *Ruppe,* the court of appeals held that an insurer is precluded from restricting stacking of liability coverages in a single limits policy covering multiple vehicles as to sums required to be provided by statute. *Id.* at 431, 475 S.E.2d at 775. The supreme court reversed the court of appeals and held that a policy provision prohibiting stacking of liability

578

coverage is valid because "[l]iability coverage, ... while statutorily required, is limited to the particular vehicle for which it is purchased." *Ruppe v. Auto–Owners Ins. Co.,* 329 S.C. 402, 406, 496 S.E.2d 631, 633 (1998).

The *Ruppe* case is not dispositive in this case, however, because we determined that no Class I insured was involved in the accident. Inasmuch as the appellants were Class II insureds under the garage policy, none were entitled to stack. *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 295 S.C. 538, 370 S.E.2d 85 (1988) (holding that although Class I insureds may stack coverage, Class II insureds may not).

Therefore the order of the circuit court is

**AFFIRMED.**

GOOLSBY and HEARN, JJ., concur.