522 S.E.2d 345

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,**

v.

**Olin JAMES and Robert Echols, Defendants,**

**of whom Robert Echols, is the Appellant.**

No. 3037.

Court of Appeals of South Carolina.

Heard June 9, 1999.

Decided Aug. 23, 1999.

88

Marvin P. Jackson, Jr., of Florence, for appellant.

James W. Peterson, Jr., of Clark, Johnson, Peterson & McLean, of Florence, for respondent.

HOWELL, Chief Judge:

In this case, the circuit court upheld State Farm Automobile Insurance Company's (State Farm) employee exclusion clause

barring Robert Echols from liability coverage. Echols appeals. We affirm.

## I.

Olin James operated his remodeling and construction business from his home.[1] Echols worked for James in this business, was paid weekly, and was provided a daily ride to and from work.

On July 25, 1994, pursuant to his normal routine, James picked up Echols for work in James's Pontiac Bonneville. The two then returned to James's residence to retrieve work supplies. James normally used his GMC truck for hauling supplies and transportation to and from work sites. However, on this day, he was driving a Chevrolet truck (the Chevrolet truck) lent to him by Freddie J. Frierson, who was repairing James's GMC truck. After loading the Chevrolet truck with the tools and equipment needed for work that day, James attempted to start the truck. Unfortunately, the attempt failed. At James's direction, Echols poured gasoline into the carburetor before James again turned the ignition. Once more, the truck failed to start. On the next try, still at James's direction, Echols continued to pour gasoline into the carburetor while James simultaneously turned the ignition. A small explosion resulted, burning Echols's right arm, right hand, right shoulder, and the right side of his face. James testified he was paying Echols when the incident occurred.

The insurance policy covering James's GMC truck provided liability coverage of $100,000/300,000/25,000. James owned other vehicles that were not involved in the incident, but had no UIM coverage on any of his vehicles.

Frierson owned the Chevrolet truck and three other vehicles. All policies on Frierson's automobiles provided liability coverage of $25,000/50,000/25,000 and, with one exception, contained UIM coverage.[2]

---

1. James had a general liability insurance policy for his business but no workers' compensation policy. The general liability policy is not at issue in this appeal.

2. The policy without UIM coverage was not involved in the incident.

Both James and Frierson insured their vehicles with State Farm. Every policy on both James's and Frierson's vehicles contained an exclusion barring recovery for injuries to an insured's employees arising out of employment.

Echols sued James for negligence. State Farm filed a declaratory judgment seeking a judicial declaration that its policies did not provide coverage for Echols's claims. Echols answered and counterclaimed against State Farm seeking further compensation under Frierson's policies. The circuit court upheld State Farm's employee exclusion clause and found that Echols was only entitled to UIM benefits on the Chevrolet truck involved in the accident.

## II.

■ The central issues in this case concern whether or not Echols's injuries were excluded from liability coverage under both the policies on the Chevrolet truck and James's GMC truck.[3] The exclusionary clause at issue excludes coverage for any bodily injury to "any employee of an insured arising out of his or her employment."[4] South Carolina Code section 38–77–220 provides:

> The automobile policy need not insure any liability under the Workers' Compensation Law nor any liability on account of bodily injury to *an employee of the insured* while *engaged in the employment*, other than domestic, of the insured, or while engaged in the operation, maintenance, or repair of the motor vehicle nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured.

S.C.Code Ann. § 38–77–220 (1989) (emphasis added). Specifically, the parties disagree as to whether James is "the insured" and whether Echols was "engaged in" his employment at the time of the incident.

---

**3.** The liability policy on James's GMC truck explicitly provides coverage for any temporary substitute vehicle, and there is no dispute that the Chevrolet truck is a temporary substitute vehicle.

**4.** The parties stipulated that each policy in question contained the same provision.

Insurance policies are subject to general rules of contract construction. This Court must give policy language its plain, ordinary, and popular meaning. Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties.

*Diamond State Ins. Co. v. Homestead Indus., Inc.,* 318 S.C. 231, 236, 456 S.E.2d 912, 915 (1995) (citations omitted).

■ Generally, "insurers have the right to limit their liability and to impose whatever conditions they desire upon an insured, provided they are not in contravention of some statutory inhibition or public policy." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Parker,* 282 S.C. 546, 550–51, 320 S.E.2d 458, 461 (Ct.App.1984). "Reasonable exclusionary clauses which do not conflict with the legislative expression of the public policy of the State as revealed in the various motor vehicle insurance statutes are permitted." *Id.* However, if a policy provision conflicts with a statutory mandate, the statute controls. *See South Carolina Farm Bureau Mut. Ins. Co. v. Mumford,* 299 S.C. 14, 17–18, 382 S.E.2d 11, 13 (Ct.App.1989).

## A.

Echols contends the statutory phrase "the insured" means only a policy's named insured and not an additional insured under an omnibus clause. Therefore, Echols argues that the statute only permits a policy to exclude coverage for bodily injuries sustained by employees of the named insured. We disagree.

Neither Echols nor State Farm present any South Carolina authority specifically addressing whether the statutory phrase "the insured" is limited to the named insured when determining an employee exclusion clause's applicability. Our own research likewise reveals no South Carolina case on point. Nevertheless, our understanding of the relevant statutory provisions and our review of the law of other states compels us to conclude that "the insured" is not limited to a policy's named insured.

Several jurisdictions refuse to place a limited interpretation on the phrase "the insured" and define the phrase as the named insured or anyone using a vehicle with permission of the named insured. Other jurisdictions interpret "the insured" more narrowly, but still espouse an interpretation unhelpful to Echols. These jurisdictions define "the insured" as the "person seeking coverage" under a policy. To invoke an employee exclusion clause, these jurisdictions thus require the person seeking coverage under the policy to be the injured employee's employer. Stated differently, the allegedly negligent actor, or the insured alleged to have caused the injuries, must be the injured employee's employer. *Compare, e.g., Baker v. DePew,* 860 S.W.2d 318, 320–23 (Mo.1993) (en banc) (holding employee exclusion did not apply where, in determining whether the acts causing the injuries at issue were committed by an employee of the insured, the court interpreted the phrase "the insured" separately with respect to each insured seeking protection under the policy) *with State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 521–22 (10th Cir.1994) (applying employee exclusion where, in determining whether the acts causing the injuries at issue were committed by an employee of the insured, the court interpreted the phrase "the insured" to refer to any insured, not just the insured seeking protection under the policy); *see generally,* Charles W. Benton, Annotation, *Validity, Construction, and Application of Provision in Automobile Liability Policy Excluding From Coverage Injury to, or Death of, Employee of Insured,* 43 A.L.R.5th 149, 189–98 (1996).

We decline this opportunity to narrowly define "the insured" as referring only to a policy's named insured. As another court noted:

[T]he language is "the insured" and not "the named insured," the latter being the language used in the policy where the intention is to designate only the person to whom the policy is issued; and the omnibus coverage clause ... defines the word "insured" as used in the policy ... to include any person using the automobile with the permission of the named insured.

*Lumber Mut. Ins. Co. v. Stukes,* 164 F.2d 571, 573 (4th Cir.1947) (construing South Carolina law).

Furthermore, Echols alleged that James's negligence caused Echols to sustain injuries. Although James is not the

named insured, James is an insured under Frierson's policy as a permissive user of Frierson's truck. Moreover, James is the insured seeking protection under Frierson's policy. Hence, even if we accepted a more limited interpretation of "the insured," State Farm's employee exclusion clause still applies in the case at bar because Echols's employer, James, is the person seeking coverage under the policy.

## B.

■ Echols further contends State Farm's employee exclusion does not apply because Echols was not "engaged in [his] employment" at the time of the incident as contemplated by the statute. We disagree.

■ "A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). A suit to determine coverage under an automobile liability policy is an action at law. *See Allstate Ins. Co. v. Federated Mut. Implement & Hardware Ins. Co.*, 251 S.C. 203, 205, 161 S.E.2d 240, 241 (1968). As a result, under our standard of review, our jurisdiction is limited to correcting errors of law and factual findings will not be disturbed unless unsupported by any evidence. *See Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

We find sufficient evidence in the record to support the circuit court's finding that Echols was engaged in employment at the time of the incident. First, Echols himself testified he was acting at the direction of James. Second, James testified he was paying Echols at the time of the incident. Third, James and Echols were loading the truck and attempting to start the truck in an effort to transport equipment to their job site. It is not likely Echols would have been with James or engaged in these activities except for his employment. We therefore affirm the circuit court order finding Echols was engaged in employment at the time of the incident.

## C.

■ As explained above, with respect to Frierson's policy on the Chevrolet truck and James's policies on his own

vehicles, the employee exclusion applies in each policy and operates to exclude liability coverage. With respect to Frierson's other vehicles, though, a different analysis applies. Given that Echols only sued James for negligence, Echols can only recover under these policies if James is an insured as defined in these policies. However, James had no permission to use and was not using any of Frierson's other vehicles. James is not an insured for purposes of those vehicles under any other prong of the definition of insured in either the statutory or the policy language. *See* S.C.Code Ann. § 38–77–30(7) (Supp.1998). Therefore, we affirm the circuit court order denying Echols liability coverage under all policies in question.[5]

## III.

■ Echols next contends the circuit court erred by awarding Echols UIM coverage under Frierson's policy only on the Chevrolet truck rather than permitting Echols to stack UIM coverage from Frierson's remaining policies.[6] We disagree.

■ In determining whether an insured can stack, insureds are divided into two classes: Class I and Class II. Only Class I insureds can stack. *See Concrete Servs., Inc. v. United States Fidelity & Guar. Co.*, 331 S.C. 506, 509, 498 S.E.2d 865, 866 (1998). "A Class I insured is an insured or named insured that has a vehicle involved in the accident." *Mangum v. Maryland Cas. Co.*, 330 S.C. 573, 576, 500 S.E.2d 125, 127 (Ct.App.1998). "A Class II insured is an insured whose vehicle was not involved in the accident. . . ." *Id.*

Echols is not a Class I insured on any of Frierson's policies because Echols did not own a vehicle involved in the accident and is not the named insured on Frierson's policy, Frierson's spouse, or a relative residing in Frierson's household. Therefore, Echols cannot stack.

---

5. Echols's remaining argument that he is entitled to liability coverage is manifestly without merit. *See* Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit.").

6. Given that James's policies lacked UIM coverage, Echols seeks UIM from Frierson's policies only.

## IV.

■ Lastly, Echols claims entitlement to uninsured (UM) benefits based on State Farm's denial of coverage. Specifically, Echols contends State Farm's denial of coverage converted James's and Frierson's vehicles into uninsured automobiles thus entitling Echols, an insured, to UM benefits. We disagree.

■ In its order, the circuit court awarded Echols UIM benefits under Frierson's policy on the Chevrolet truck involved in the incident. This holding has not been appealed and is, consequently, the law of this case. *See Brading v. County of Georgetown*, 327 S.C. 107, 113, 490 S.E.2d 4, 7 (1997) (holding an unappealed ruling the law of the case). In *Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C. 538, 541, 370 S.E.2d 85, 87 (1988), the Supreme Court held the terms uninsured and underinsured mutually exclusive. As a result, because Echols was awarded UIM benefits, he cannot also recover UM benefits.

Therefore, we affirm the circuit court order refusing to grant Echols UM benefits.

Pursuant to the above analysis, the circuit court's order is **AFFIRMED.**

HUFF and HOWARD, JJ., concur.