24041

Ruby MILLIGAN, Appellant v. LIBERTY LIFE
INSURANCE COMPANY, Respondent.

(443 S.E. (2d) 381)

Supreme Court

---

*Richard L. Celsor* and *Gene Stockholm*, of *Billy R. Oswald & Associates*, West Columbia, *for appellant.*

*Frank R. Ellerbe* and *Kevin K. Bell,* both of *Robinson, McFadden & Moore, P.C.*, Columbia, *for respondent.*

Heard Feb. 15, 1994.

Decided April 4, 1994.

TOAL, Justice:

Ruby Milligan ("Milligan") appeals the circuit court's granting of summary judgment to the Respondent ("Liberty Life"). We affirm.

## FACTS
Liberty Life issued several policies insuring the life of Daley Milligan. Ruby Milligan, Daley Milligan's mother, was the beneficiary on each of the policies issued by Liberty Life.

Daley Milligan died on December 27, 1990 at approximately 4:00 a.m. The death certificate lists suicide as the manner of death. Ruby Milligan applied for benefits under the Liberty Life policies. Benefits were paid on some of the policies. At least one policy had expired for nonpayment of premiums, and one policy had been in force less than two years. On one of the policies in force less than two years, Liberty Life refunded the premium to Milligan which she accepted as full payment under the policy. There remained one accidental death policy which is the subject of this appeal.

Liberty Life denied liability for benefits under the acciden-

tal death policy. Milligan filed suit. The complaint alleged an insurance policy issued by Liberty Life, the death of Daley Milligan, and the nonpayment of benefits under the policy by Liberty Life. The complaint prayed for benefits under the policy and punitive damages for Liberty Life's failure to pay benefits. Liberty Life answered and asserted the affirmative defense that Daley Milligan did not die by accident, but he rather committed suicide. Liberty Life then motioned the court for summary judgment. Attached to Liberty Life's motion for summary judgment was Daley Milligan's death certificate listing the manner of death as suicide, and the affidavit of the district manager of Liberty Life. Milligan submitted no evidence or affidavits. At the summary judgment hearing, Milligan's attorney asserted that the burden was on Liberty Life to prove "self-inflicted wound."

The circuit court granted Liberty Life's summary judgment motion. This appeal followed.

## LAW/ANALYSIS

Milligan argues for the first time on appeal that Daley Milligan's death was by accident. Nowhere in the record does Milligan allege that Daley Milligan's death was by accident. Milligan produced no affidavits or other evidence raising the issue of the manner in which Daley Milligan died. The complaint simply states that Liberty Life issued an insurance policy, the insured died and Liberty Life failed to pay benefits.

Liberty Life does not dispute the fact that Daley Milligan died or that it wrote an accidental death policy on the life of Daley Milligan. Liberty Life asserts that it has no obligation under the insurance policy as a matter of law because Daley Milligan committed suicide. Liberty Life produced Daley Milligan's death certificate listing the cause of death as a self-inflicted gunshot wound to the abdomen. The manner of death was listed on the death certificate as suicide. Liberty Life also produced the affidavit of its district manager stating that Milligan accepted return premium as full satisfaction on another insurance policy with Liberty Life which had been in force less than two years.[1] Thus, Liberty Life produced evidence

---

[1] S.C. Code Ann. § 38-63-225(A) (1989) requires that "[i]f an individual life insurance policy contains a suicide provision, it may not limit payment of benefits for a period more than two years from the date of issue of the policy and it must provide for at least the return of the premiums paid on the policy." *Id.*

tending to show that Milligan's own actions were consistent with Liberty Life's position that Daley Milligan committed suicide. Milligan neither alleged anything concerning cause of death in her pleading nor submitted any affidavit.

Summary judgment should be granted only where there is no material issue of fact in dispute. *Cafe Associates, Ltd. v. Gemgross*, 305 S.C. 6, 406 S.E. (2d) 162 (1991). In ruling on a motion for summary judgment, the Court should view the evidence and inference which can be drawn therefrom in a light most favorable to the nonmoving party. *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E. (2d) 537 (1991). The party opposing a motion for summary judgment need not come forward in any way. *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E. (2d) 424 (1991). Where, however, the record is devoid of any allegation or evidence tending to show there is a material fact in issue, the moving party is entitled to summary judgment as a matter of law. *Humana Hospital-Bayside v. Lightle*, 305 S.C. 214, 407 S.E. (2d) 637 (1991).

Milligan's complaint stated a cause of action for recovery under a life insurance policy sufficient to withstand a Rule 12(b)(6) motion. *Cf. Baker Hospital v. Fireman's Fund Ins. Co.*, 441 S.E. (2d) 822 (1994) (complaint sufficient if issue of fact raised which if resolved in favor of plaintiff, plaintiff would be entitled to recover). Milligan is also correct in her argument that Liberty Life must prove death by suicide. *See Strawhome v. Atlanta Coast Life Ins. Co.*, 238 S.C. 40, 43, 119 S.E. (2d) 101, 102 (1961). However, when Liberty Life asserted its affirmative defense of death by suicide, it put a material fact in issue which, if true, would entitle it to a summary judgment as a matter of law. Liberty Life then produced evidence tending to show that Daley Milligan committed suicide. Milligan has not disputed Liberty Life's affirmative defense either by pleading or by affidavit.

After reviewing the pleadings and affidavits, we agree with the trial judge. The record before us contains no reasonable inference other than that Daley Milligan committed suicide. Further, while Milligan does not admit that Daley Milligan committed suicide, she does not dispute that fact. Accordingly, the trial judge correctly granted Liberty Life's motion for summary judgment.

Affirmed.

FINNEY, Acting C.J., MOORE, J., and JASPER M. CURETON and WALTER J. BRISTOW, JR., Acting Associate Justices, concur.