24486

Donald D. PUTNAM, Jr., Petitioner v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.

(476 S.E. (2d) 902)

Supreme Court

*J. Michael Baxley* and *Martin S. Driggers, Driggers and Baxley,* Hartsville, *for petitioner.*

*Louis D. Nettles, Nettles & Nettles, P.A.,* Florence, *for respondent.*

Submitted July 18, 1996.

Filed Sept. 3, 1996.

## ON WRIT OF CERTIORARI TO THE
## COURT OF APPEALS

*Per Curiam:*

Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *Putnam v. South Carolina Farm Bureau Mutual Insurance Company,* 95-UP-305 (S.C. Ct. App. filed November 25, 1995). We grant the petition, dispense with further briefing, and affirm in result only.

The Court of Appeals correctly held that S.C. Code Ann. § 38-77-160 (Supp. 1995) prohibits stacking of underinsured motorist insurance (UIM) where none of the insured's vehicles are involved in the accident. However, the Court of Appeals incorrectly held an insured could not contract for an insurance policy which specifically provides for stacking even if none of his vehicles are involved in the accident. An insured may contract for insurance coverage which is greater than that required by statute. *See, Belk v. Nationwide Mutual Ins. Co.*, 271 S.C. 24, 244 S.E. (2d) 744 (1978); *Hamrick v. State Farm Mut. Auto Ins. Co.*, 270 S.C. 176, 241 S.E. (2d) 548 (1978) (policy of insurance may give more protection than minimum required by statutory law).

Nonetheless, petitioner's second insurance policy[1] specifically limited his UIM coverage to the policy with the highest coverage and prohibited stacking of UIM policies. Accordingly, petitioner did not contract for the ability to stack his UIM policies. For this reason, we affirm the decision of the Court of Appeals, as modified.

Affirmed as modified.

---

[1] Respondent paid petitioner UIM benefits under one insurance policy but refused to pay UIM benefits under petitioner's second insurance policy.