562 S.E.2d 676

**Terry KAY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INS. CO., Respondent.**

No. 3472.

Court of Appeals of South Carolina.

Heard March 5, 2002.

Decided April 1, 2002.

Rehearing Denied May 15, 2002.

Gregory A. Morton, of Donnan, Morton, Davis & Snyder, of Greenville, for appellant.

William W. Kehl, of Wyche, Burgess, Freeman & Parham, of Greenville, for respondent.

HEARN, C.J.

In this declaratory judgment action to determine the amount of available underinsured motorist (UIM) coverage, Terry Kay appeals the grant of summary judgment to State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

## FACTS[1]

Terry Kay was seriously injured in an accident caused by an underinsured driver.[2] At the time of the accident, Kay was driving his Chevrolet truck that carried $25,000 UIM coverage. He also owned a Buick with a $100,000 UIM policy limit. Kay sought to recover the full amount of UIM coverage on his truck and the Buick. Under its interpretation of the policies, State Farm paid $25,000 on the involved vehicle and $25,000 from the Buick policy.

Kay brought a declaratory judgment action seeking an additional $75,000 from the Buick policy. Both parties filed summary judgment motions. The circuit court granted State Farm's motion. Kay appeals.

## LAW/ANALYSIS

Kay argues the circuit court erred in granting State Farm's summary judgment motion, contending the policy should be construed differently because it contains an illegal provision. In cases with stipulated facts, this court reviews "whether the trial court properly applied the law to those facts." *WDW Props. v. City of Sumter*, 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000).

Our analysis begins with the Buick policy provision dealing with stacking which reads:

---

1. The facts are by stipulation of the parties.

2. The parties agree that Kay's injuries exceed the amount of coverage claimed.

3. If *you, your spouse* or a *relative* sustains *bodily injury* or *property damage* while *occupying* a *motor vehicle* owned by *you, your spouse* or *relative* which is not *your car* or a *newly acquired* car, this policy shall:

a. be excess; and

b. apply only in an amount equal to the minimum limits required by the *Financial Responsibility Act* for bodily injury and property damage liability.

Section 3(b) of the policy violates S.C.Code Ann. § 38–77–160 (Supp.2001) which states in relevant part:

If ... an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

South Carolina courts have interpreted this section to allow Class I insureds to stack UIM coverage from multiple automobile insurance policies. *Ruppe v. Auto–Owners Ins. Co.*, 329 S.C. 402, 405, 496 S.E.2d 631, 632 (1998). "A policy provision which purports to limit stacking of statutorily-required coverage is invalid." *Jackson v. State Farm Mut. Auto. Ins. Co.*, 288 S.C. 335, 337, 342 S.E.2d 603, 604 (1986). However, "the amount of coverage which may be stacked from policies on vehicles not involved in an accident is limited to an amount no greater than the coverage on the vehicle involved in the accident." *S.C. Farm Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 446, 405 S.E.2d 396, 398 (1991). Accordingly, State Farm's provision limiting stacking of UIM coverage to the minimum limits is invalid because it purports to limit the amount of coverage to an amount less than that available on the involved vehicle's policy.

Kay asserts that because policy section 3(b) is invalid, we should not permit State Farm to rewrite its policy to limit coverage according to section 38–77–160. Although we are perplexed as to why State Farm has persisted in using this

clause which has been invalid under South Carolina law for more than twenty years, we cannot accept Kay's argument.

"Underinsured motorist coverage is controlled by and subject to our underinsured motorist act, and any insurance policy provisions inconsistent therewith are void, and the relevant statutory provisions prevail as if embodied in the policy." *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 153, 311 S.E.2d 723, 726 (1984); *see State Farm Mut. Auto. Ins. Co. v. Calcutt*, 340 S.C. 231, 234, 530 S.E.2d 896, 897 (Ct.App.2000) ("Statutory provisions relating to an insurance contract are part of the contract as a matter of law. To the extent a policy provision conflicts with an applicable statutory provision, the statute prevails." (citation omitted)). A policy of automobile insurance must provide at least the minimum amount of coverage outlined in the statute, and "a policy issued pursuant to the law which gives less protection will be interpreted by the court as supplying the protection which the legislature intended." *Hamrick v. State Farm Mut. Auto. Ins. Co.*, 270 S.C. 176, 179, 241 S.E.2d 548, 549 (1978). Here, State Farm's policy language provided less coverage than that mandated by statute; therefore, that language is void and must be replaced by the terms of section 38–77–160.

Kay correctly asserts that parties may contract for greater coverage than that required by statute. *See Putnam v. S.C. Farm Bureau Mut. Ins. Co.*, 323 S.C. 494, 496, 476 S.E.2d 902, 902 (1996). Kay contends that the void clause should be expunged from the contract and under the remaining language all of the Buick policy's UIM coverage should be available. However, an insurer's obligation "is defined by the terms of the policy itself, and cannot be enlarged by judicial construction . . ., [and] if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties." *MGC Mgmt. of Charleston, Inc. v. Kinghorn Ins. Agency*, 336 S.C. 542, 549, 520 S.E.2d 820, 823 (Ct.App. 1999). In addition to the quoted provision, the policy provides: "If any terms of this policy are in conflict with the statutes of South Carolina, they are amended to conform to those statutes." This clause clearly contemplates that void clauses be replaced with the applicable statute. We find the

policy is not ambiguous and that the language of section 38–77–160 should be substituted for the void clause. Accordingly, the grant of summary judgment to State Farm is

**AFFIRMED.**

CONNOR and SHULER, JJ., concur.