**Charles BOOTH, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. CIV.A. 9:03–3573–08.**

United States District Court,
D. South Carolina,
Beaufort Division.

Sept. 8, 2004.

---

W C Barnes, Jr, Turner Padget Graham and Laney, Florence, SC, for defendant represented by Barnes.

William G Jenkins, Jr., Jenkins Law Firm, Hilton Head Island, SC, for plaintiff represented by Jenkins.

John Smith Wilkerson, III, Turner Padget Graham and Laney, Charleston, for defendant represented by Wilkerson.

## ORDER

BLATT, Senior District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment. The action arises out of an automobile accident involving a motorcycle owned by Plaintiff Charles Booth. The parties stipulate to the underlying facts, leaving only one issue to resolve. A hearing was held on April 15, 2004, at which the parties presented argument on this issue. Supplemental letters were mailed to the Court by both parties after the hearing. The matter is now ripe for decision.

*Underlying Facts*

The Plaintiff was involved in an accident on May 25, 2003, in which another vehicle pulled out in front of his motorcycle. He sustained injuries and has incurred medical expenses of nearly $80,000.00 The at-fault driver was insured by Farm Bureau Mutual Insurance Co. with liability coverage limits of $15,000.00. The motorcycle was insured by State Farm Mutual Automobile Insurance Co. with underinsured motorist (UIM) coverage limits of $25,000.00 per person. Both these insurers have tendered their limits under the respective policies, leaving the Plaintiff short in covering his medical expenses.

The Plaintiff and his wife own two other automobiles, a 1995 Toyota and a 1998 BMW, both of which are insured by a single policy with the Defendant Allstate Insurance Co. This policy has UIM cover-

age limits of $100,000.00 per vehicle. The Plaintiff made a claim for underinsured motorist (UIM) coverage from this policy. The parties agree that the Plaintiff is entitled to "stack" his Allstate UIM coverage and thus recover under the policy for the damages sustained in the accident. The parties disagree, however, to the total amount of UIM coverage available.

The Plaintiff filed this declaratory judgment action in state court, seeking a determination that he is entitled to $200,000.00 in UIM coverage under the Allstate policy. The amended complaint also alleges bad faith insurance settlement practices. After removal to this Court, the Defendant filed a counterclaim alleging that the maximum amount available to the Plaintiff under the policy was $50,000.00. The parties filed cross-motions for summary judgment, and argument has been heard on the central issue.

*UIM Coverage and Stacking*

In general, under South Carolina automobile insurance law,

[Automobile insurance carriers] shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or underinsured motorist. If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the

vehicles with the excess of underinsured coverage.

S.C.Code § 38–77–160.

Courts have interpreted this statute to permit UIM coverage to "stack" in limited circumstances, which allows "the insured's recovery of damages under more than one policy until the insured satisfies all of his damages or exhausts the limits of all available policies." *E.g., Auto–Owners Ins. Co. v. Horne*, 356 S.C. 52, 586 S.E.2d 865, 868 (2003) (citation omitted). The statute provides two "classes" of insureds: Class I and Class II. "A Class I insured is an insured or named insured who has a vehicle involved in the accident," *id.*, while a Class II insured "includes any person using, with the consent of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicle." *Id.* at 869. "Named insureds" are the insured's spouse and any relative residing in the insured's household. *Concrete Svcs., Inc. v. U.S. Fid. & Guar. Co.*, 331 S.C. 506, 498 S.E.2d 865, 868 (1998).

Only Class I insureds may stack multiple UIM policies from vehicles for which they are a named insured. It is undisputed that, because the Plaintiff was the named insured on the motorcycle, he is a Class I insured and entitled to stack any and all UIM policies for which he is an "insured," up to the extent of his damages. Because the Plaintiff was a named insured on both the at-home vehicles, the UIM coverage on both vehicles can be recovered.

*The Present Dispute*

■ The Defendant alleges that the statute requires only that it pay UIM benefits "to the extent of the coverage he has on the vehicle involved in the accident," *see* S.C.Code § 38–77–160, or $25,000.00 per at-home vehicle. Indeed, the South Carolina of Court of Appeals has specifically held accordingly:

[T]he clear language of section 38–77–160 applies to limit the extent of excess UIM coverage available in each circumstance where an insured seeks recovery of UIM benefits from a policy covering a non-involved vehicle. It clearly states that where an insured has UIM coverage in excess of the basic limits, the insured is limited to the amount of coverage on the vehicle involved in the accident.

*State Farm Mut. Auto. Ins. Co. v. Gunning*, 340 S.C. 526, 532 S.E.2d 16, 18 (2001).

The Plaintiff does not dispute that this is the applicable state law, but asserts that the Allstate policy contractually provided him with more coverage than is required. *See Putnam v. Farm Bureau Mut. Ins. Co.*, 323 S.C. 494, 476 S.E.2d 902, 902 (1996) (citations omitted). He claims entitlement to the full amount of UIM coverage on the at-home vehicles, or $200,000.00 ($100,000.00 on each vehicle).[1]

First, in his motion for summary judgment, the Plaintiff argues that "there is nothing in the applicable Allstate insurance contract which precludes the stacking of both policies to the full extent of their coverage; because the contract amounts to an expansion in coverage over the statutory minimum requirement, such an expansion is permissible under *Putnam*." This argument completely misconstrues the doctrine announced in *Putnam*. The court there found that it was error for the court of appeals to hold that "an insured could not contract for an insurance policy which

specifically provides for stacking even if none of his vehicles are involved in the accident." 476 S.E.2d at 902. Put another way, the court announced that an insured *may* contract for an insurance policy which specifically provides for stacking even if none of his vehicles are involved in the accident. Thus, the default coverage is, at a minimum, what state law requires. To obtain a policy with more coverage, there must be a *specific* agreement and *specific* terms.

The Plaintiff focuses on the final paragraph of the *Putnam* decision, which notes that although the insured *could* have so contracted, his second insurance policy "specifically limited his UIM coverage and prohibited stacking of UIM policies." *Id.* at 903. He uses this sentence to claim that the policy provides the maximum benefits possible, unless there are policy provision which specifically *limit* coverage to the statute. This statement is used out of context by the Plaintiff, and is clearly not the intention of the *Putnam* court.[2]

■ Sensing that this argument would not be persuasive, the Plaintiff in supplemental letters cites two policy provisions which he claims support the $200,000.00 argument. The Court finds both to be unpersuasive. First, the Court only partially agrees with the Plaintiff's first supplemental letter noting that the Allstate policy has a "no-stacking" provision:

The Underinsured Motorist Insurance limits apply to each insured motor vehicle as shown on the Policy Declarations.

1. Shortly after the hearing, the Plaintiff mailed the Court a letter in which he conceded that the maximum recovery available under the Allstate policy was $125,000.00 due to an "anti-stacking" clause in the policy which he claims partially violates § 38–77–160. See discussion, *infra*.

2. The Plaintiff also uses this line of reasoning in his response to the Defendant's motion for

summary judgment. He claims that the standard underinsured motorist definitions "allow for stacking the full amount of each policy absent other language in the policy which tracks § 38–77–160 and thus limits stacking." Again, the *Putnam* court made no such holding, but required *specific* agreement to *specific* additional coverage. *Id.* at 902.

The insuring of more than one person or auto under this policy will not increase our liability limits beyond the amount shown for any one auto, even though a separate premium is charged for each auto. The limits also won't be increased if you have other insurance policies that apply.

The Plaintiff claims that this provision conflicts with § 38–77–160's requirement that "mandates stacking, at a minimum, to the level of the underinsured coverage on the vehicle involved in the accident." This, he claims, means that the first UIM policy has gives full limits coverage ($100,000.00) while the second must provide at least liability limits under law ($25,000.00).

The Court agrees that, despite this anti-stacking language, § 38–77–160 would permit a Class I insured such as the Plaintiff to recover UIM benefits from *both* policies. But the Defendant has already conceded that UIM benefits can be recovered under both policies, so this point is not in dispute. With respect to the issue central to this discussion, the Plaintiff has failed to demonstrate how this policy provision acts to *increase* recovery of UIM benefits above the mandatory minimum protection required by state law. *See Putnam*, 476 S.E.2d at 902. There is nothing in the above-quoted provision which specifically allows UIM coverage over and above the limits of liability on the automobile involved in the accident. The Plaintiff's argument in this regard is rejected.

■ The second policy provision cited by the Plaintiff is equally unhelpful:

If the insured person was in, on, getting into or out of a vehicle which is insured for this coverage under another policy, coverage under this policy will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will pay only the amount by which the damages exceed the limit of

liability of that policy up to the limit of liability of this policy.

The Plaintiff asserts that, with this section, the Defendant "clearly contemplates a scenario where the insured is in a vehicle other than an 'insured auto' within the policy." More specifically, the Plaintiff claims that this section "provides for stacking in that, if the insured is injured in a vehicle which is insured for underinsured coverage, Allstate's policy will be excess and provide coverage up to its stated policy limit in the event damages exceed the underinsurance coverage on the vehicle involved in the accident."

Again, the Plaintiff misconstrues the scope of this provision. An "insured auto" is defined as a motor vehicle "described on the Policy Declarations" of that specific policy, meaning the 1995 Toyota and the 1998 BMW. This provision obviously "contemplates a scenario where the insured is in a vehicle other than an 'insured auto' within the policy," because this is precisely what UIM coverage was designed to do—provide additional insurance benefits to someone injured by an underinsured motorist by "stacking" coverages from vehicles *not* involved in the accident. The question becomes whether this language (found in identical form in the uninsured motorist coverage provisions) is sufficiently specific to alter the contract over state law requirements.

Given the direct language of the *Putnam* decision, 476 S.E.2d at 902, it is clear that the "excess clause" in the UIM coverage section of the policy does not alter state law with regard to stacking. There is no language within the UIM coverage specifically noting that the provisions of § 77–38–160 are being superseded with additional coverage, or that there was a bargained-for exchange for coverage of this type. Moreover, given the fact that the Allstate policy in other respects at-

tempts to provide *less* coverage than the applicable state law, it is unlikely that the parties intended for there to be additional UIM coverage over that required by state law.

In short, the Plaintiff has failed to demonstrate, as required by *Putnam,* that he and the Defendant specifically contracted for stacking UIM coverage over and above the minimum limits established by § 38–77–160. Interpreting a standard "excess clause" as such an agreement would "torture" the meaning of the policy and would impose an improper enlargement of coverage by "judicial construction." *Kay v. State Farm Mut. Auto. Ins. Co.,* 349 S.C. 446, 562 S.E.2d 676, 679 (2002); *See id.* ("if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties.") (quoting *MGC Mgmt. v. Kinghorn Ins. Agency,* 336 S.C. 542, 520 S.E.2d 820, 823 (1999)). The Plaintiff's argument in this regard is also rejected.

*Bad Faith*

The Court having declined the Plaintiff's request for declaratory judgment, and finding that the Defendant acted properly in its refusal to pay out the full policy limits on the two vehicles, there can be no claim for bad faith. *See Mixson, Inc. v. American Loyalty Ins. Co.,* 349 S.C. 394, 562 S.E.2d 659, 661 (2002) ("Generally, if there is a reasonable ground for contesting a claim, there is no bad faith in the denial of it.").

Based on the foregoing, it is

ORDERED that the Plaintiff's motion for summary judgment is denied; the Defendant's motion for summary judgment is granted; the Court declares that, in connection with the Plaintiff's accident of May 25, 2003, the Plaintiff is entitled to collect underinsured motorist benefits under Allstate automobile insurance policy 063 975 718 in the amount of $50,000.00 total; the

Plaintiff's cause of action for bad faith is dismissed; the Clerk of Court shall enter a judgment to this effect; and this action is ended.

**IT IS SO ORDERED.**