**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-1178**

───────────

KAREN MCKINNON, as Personal Representative of
the Estate of Clayton S. McKinnon; FLORENCE
NATIONAL BANK,

                                    Plaintiffs - Appellants,

          versus

LINCOLN BENEFIT LIFE COMPANY,

                                    Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CA-03-3518-4-25)

───────────

Argued:  December 2, 2005          Decided:  January 6, 2006

───────────

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, P.A.,
Florence, South Carolina, for Appellants.  William Clyde Barnes,
Jr., TURNER, PADGETT, GRAHAM & LANEY, P.A., Florence, South
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Plaintiffs, Karen McKinnon (as personal representative of the estate of Clayton McKinnon) and the Florence National Bank, sued Lincoln Benefit Life Company ("Lincoln") for a declaration that a suicide exclusion in a Lincoln policy should not be enforced. The district court granted summary judgment to Lincoln, and plaintiffs appeal. Plaintiffs also appeal the district court's denial of their motion for certification on questions of law to the South Carolina Supreme Court. Finding no reversible error, we affirm.

I.

The relevant facts in this case are undisputed. On October 26, 2000, Clayton McKinnon ("McKinnon") applied to Lincoln for a $1.25 million life insurance policy. On March 2, 2001, Lincoln issued a Preferred Plus life insurance policy to McKinnon in the face amount of $1.25 million. The South Carolina Department of Insurance had earlier approved the form and wording of this policy. On January 18, 2003, roughly one year and ten months after the policy had been issued, McKinnon committed suicide. The primary beneficiary under the policy is Florence National Bank and the secondary beneficiary is McKinnon's estate.

Plaintiffs made a claim for death benefits in March 2003. Lincoln denied the claim, invoking the suicide exclusion in

2

McKinnon's policy because he had committed suicide within two years of his policy being issued.  The exclusion in McKinnon's policy reads:  "If the insured dies by suicide while sane or self-destruction while insane within two years of the issue date, we will not pay the death benefit.  We will return to you all premiums paid."  J.A. 35.  Lincoln returned the premiums plus interest ($2,873.99) to the primary beneficiary, Florence National Bank.

Plaintiffs filed a declaratory judgment action in South Carolina state court in October 2003, alleging that the policy's suicide exclusion is unenforceable under South Carolina law, S.C. Code. Ann. § 38-63-225 ("Suicide and Death Exclusions").  The statute provides:

> (A) If an individual life insurance policy contains a suicide provision, it may not limit payment of benefits for a period more than two years from the date of issue of the policy and it must provide for at least the return of premiums paid on the policy.

> (B) An individual life insurance policy or rider to such a policy delivered or issued for delivery in this State may exclude or restrict liability in the event of death occurring while the insured is a resident in a specified foreign country or countries, but except as provided in subsection (A) may not contain any provision excluding or restricting liability in the event of death caused in a certain specified manner, except as a result of:

>> (1) death as a result of war, declared or undeclared, or any act or hazard of such a war;
>> (2) death as a result of operating, riding, or descending from an aircraft unless the insured is a passenger and the aircraft is operated commercially to transport passengers for hire or by a private business to transport personnel or guests;
>> (3) death as a result of hazardous occupations or hazardous sports specified in the policy or rider.

3

> If death is caused in a manner excluded in the policy or rider, the policy must provide for at least the return of premiums paid on the policy less any indebtedness to the insurer on the policy.
>
> (C) If an individual life insurance policy or rider contains any exclusions or restrictions of liability as allowed in subsection (B), the policy or rider must have a prominent stamp of notice of these exclusions or restrictions on the face of it and the insurer is required to have a separate form acknowledging the exclusions of liability signed by the owner of the policy.

§ 38-63-225.

Lincoln removed the case to the U.S. District Court for the District of South Carolina in November 2003. Lincoln then moved for summary judgment. Plaintiffs, in turn, moved for two questions of law to be certified to the South Carolina Supreme Court: whether the notice requirements of S.C. Code. Ann. § 38-63-225(C) apply to the suicide exclusions addressed in § 38-63-225(A); and whether the policy's exclusion for "suicide while sane or self-destruction while insane" exceeds the permissible bounds of § 38-63-225(A).

The district court denied plaintiff's motion for certification upon concluding that "[t]he language of the [state insurance] statute is clear and unambiguous." J.A. 78-79. The court then granted Lincoln's motion for summary judgment. Because the facts in the record were "virtually uncontested," the court found no genuine issues of material fact and proceeded to the legal question: whether the policy's suicide exclusion is valid under

4

South Carolina law.  The court concluded that it is valid, characterizing the language in the policy as "clear and unambiguous" and in strict compliance with § 38-63-225(A).  The court thus granted summary judgment in favor of Lincoln.

Plaintiffs now appeal.

## II.

Federal courts in diversity cases apply the law of the forum state.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  If there is no case law directly on point, the district court "attempts to do as the state court would do if confronted with the same fact pattern."  Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994).  "Only if the available state law is clearly insufficient should the court certify the issue to the state court."  Id.; see also S.C. App. R. 228(a) (state certification rule).  We review for abuse of discretion a district court's denial of a motion to certify.  See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974); Boyter v. Comm'r, 668 F.2d 1382, 1385 (4th Cir. 1981).

Finding no reversible error, we affirm the district court's denial of plaintiffs' motion to certify.  The district court fairly concluded that plaintiffs' claims present straightforward questions that are covered by the plain language of the statute.  The court thus rejected plaintiffs' contention that the case raises two novel questions that should be decided by the

5

South Carolina Supreme Court, namely: (1) whether the suicide exclusion must comply with the notice requirements of § 38-63-225(C); and (2) whether the policy language, "suicide while sane or self-destruction while insane," in fact creates two exclusions and thereby exceeds the scope of § 38-63-225(A). The court correctly dismissed this first question as meritless and the second as immaterial.

In framing the first question, plaintiffs rely on a circuitous reading of S.C. Code Ann. § 38-63-225: they read subsection (C) to apply to subsection (A) only through subsection (B). Even though the notice requirements of subsection (C) do not on their face apply to subsection (A), but only apply to subsection (B), plaintiffs argue that (C)'s requirements should nonetheless apply to (A) because (B) refers to (A). Subsection (B) disallows exclusions specifying the manner of death "except as provided in subsection (A)," covering suicide exclusions, and except as listed in subsections(B)(1)-(3), covering certain external hazards.

Rejecting this strained statutory reading, the district court reasoned that "[i]f the legislature wanted the notice requirement set forth in subsection (C) to apply to subsection (A), they could have easily done so by including relevant language in (A) or (C)." J.A. 78. The court concluded that, by the plain terms of the statute, the notice requirements in subsection (C) apply only to the specified death exclusions in subsection (B) and

6

not to the suicide exclusions in subsection (A). We agree with the district court's interpretation. See Milligan v. Liberty Life Ins. Co., 331 S.C. 478, 480-81 & n.1, 443 S.E.2d 381, 382 & n.1 (S.C. 1994) (citing only § 38-63-225(A) in granting summary judgment to insurance company on application of suicide exclusion). Accordingly, we conclude that the court did not abuse its discretion by denying certification on the first allegedly novel question of law.

Nor did the district court abuse its discretion by denying certification on the second question. Because the manner of death in this case was undisputedly suicide, it is immaterial whether the policy exclusion for "self-destruction while insane" is valid under § 38-63-225(A). Plaintiffs' admission of suicide renders this question irrelevant because the court did not even have to consider the issue of sanity and could proceed straight to the legal analysis under § 38-63-225(A). As the district court noted, subsection (A) specifically contemplates suicide exclusions and enables insurance companies to insert such exclusions in policies so long as the insurers comply with two restrictions: insurers cannot deny benefits if the insured commits suicide more than two years after the policy issue date, and they must return all premiums paid on the policy. § 38-63-225(A). In this case, where it is already established that the policyholder committed suicide, Lincoln need not establish sanity or insanity; Lincoln

7

need only establish that it has complied with the above two restrictions. The district court thus correctly characterized as immaterial plaintiffs' second allegedly novel question of law, and for this reason properly denied certification.

III.

We review the district court's grant of summary judgment in favor of Lincoln de novo, affirming "only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 623 (4th Cir. 1999). As the district court correctly stated, there are no material facts in dispute in this case. The only remaining question is whether Lincoln is entitled to judgment as a matter of law on the validity of the policy's suicide exclusion. Concluding that the exclusion is valid, we affirm.

The district court characterized the language in the policy as "clear and unambiguous": "If the insured dies by suicide while sane or self-destruction while insane within two years of the issue date, we will not pay the death benefits. We will return to you all premiums paid." J.A. 35. The policy plainly applied to McKinnon because he committed suicide within two years of the issue date of his policy. Lincoln, for its part, complied with the policy by returning all premiums plus interest ($2,873.99) to the

8

primary beneficiary, Florence National Bank. As the district court explained, "It is well-settled that[] 'an insurer's obligation is defined by the terms of the policy itself, and cannot be enlarged by judicial construction . . . [and] if the intention of the part is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties.'" J.A. 81 (quoting Kay v. State Farm Mut. Auto. Ins. Co., 562 S.E.2d 676 (S.C. 2002), and MGC Mgmt. of Charleston, Inc. v. Kinghorn Ins. Agency, 520 S.E.2d 820, 823 (S.C. 1999)). By the clear terms of the policy, Lincoln is under no obligation to pay plaintiffs a death benefit.

Further, the policy is legally enforceable because it complies with the statutory language of S.C. Code Ann. § 38-63-225(A). As discussed above in part II, § 38-63-225(A) is the only controlling statutory authority on suicide exclusions; the notice requirements of subsection (C) do not apply. Subsection (A) simply requires that insurers not limit benefits for policyholders who commit suicide more than two years after the policy issue date and that they return all premiums paid on the policy. Because Lincoln complied with these two requirements, its suicide exclusion is valid under South Carolina law.

Because the suicide exclusion is applicable and enforceable in this case, we affirm the grant of summary judgment in favor of Lincoln.

<u>AFFIRMED</u>