**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Omni Insurance Group, Appellant,

v.

La'Rissa Tidwell and Bristol West Insurance Company, Respondents.

Appellate Case No. 2012-211567

---

Appeal from Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Memorandum Opinion No. 2013-MO-021
Heard June 4, 2013 – Filed June 12, 2013

---

**AFFIRMED**

---

Douglas E. Leadbitter, of Douglas E. Leadbitter, LLC, of Blythewood, for Appellant.

John S. Nichols, of Bluestein, Nichols, Thompson, & Delgado, LLC, of Columbia, and Melissa G. Mosier, of McWhirter, Bellinger, & Associates, PA, of Lexington; Charles O. Williams, III, and Weston Adams, III, of McAngus, Goudelock, & Courie, LLC, of Columbia, and Helen F. Hiser, of McAngus, Goudelock, & Courie, LLC, of Mount Pleasant, for Respondents.

Frank L. Epps, of Greenville, for Amicus Curiae, South Carolina Association for Justice.

**PER CURIAM:** La'Rissa Tidwell was injured in an automobile accident while a passenger in the at-fault driver's vehicle. She recovered the liability limits of the at-fault driver's insurance policy, but the insurer, Omni Insurance Group, denied her benefits under the policy's underinsured motorist (UIM) coverage. Omni brought a declaratory judgment action against Tidwell, asserting a policy provision barred Tidwell, as an insured passenger, from recovering under both the liability and UIM coverage. Tidwell's UIM insurer, Bristol West Insurance Company, intervened. The circuit court granted summary judgment in favor of Tidwell and Bristol, and Omni appealed.

We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Reformation: *Garris v. Cincinnati Ins. Co.*, 280 S.C. 149, 153, 311 S.E.2d 723, 726 (1984) ("Underinsured motorist coverage is controlled by and subject to our underinsured motorist act, and any insurance policy provisions inconsistent therewith are void, and the relevant statutory provisions prevail as if embodied in the policy."); *Sloan Constr. Co., Inc. v. Central Nat. Ins. Co. of Omaha*, 269 S.C. 183, 185, 236 S.E.2d 818, 819 (1977) ("Courts must enforce, not write, contracts of insurance, . . . ."); *Kay v. State Farm Mut. Auto Ins. Co.*, 349 S.C. 446, 449–50, 562 S.E.2d 676, 678 (Ct. App. 2002) (holding that where a policy provision is invalid, the court could not rewrite the policy but must strike the void language and apply the statutory language as controlling).

2. Two-Issue Rule: *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**