Johnson, J.
delivered the opinion of the Court.
Before the act of X812, the Clerks of the Courts of Common Pleas and Sessions were appointed by the Governor during good behaviour, and were required to give bond and security, conditioned generally for the just and faithful discharge of their duties. But by that act, the Legislature resumed the power of appointment, and limited the term of office to four years, and until another he elected, and they are required to give the same security, and in the same manner as already established by law, for the faithful performance of the duties of their office. Acts of 1812, p. 35. By the act of 1815, the election of Clerk is transferred to the people of the district in which the vacancy happens, and the second Monday in January, and the day following, is the time appointed for the elections, when there are vacancies. If vacancies occur by death, resignation, removal from the State, removal from, or expiration of office, by an election declared void by the managers, or where two or more candidates have an equal number of votes, the Governor may appoint, until an election had according to the provisions of the act; and the Clerks to be elected in pursuance of this act, are required before they are commissioned or enter on the duties of their office, to give bond and security in like manner as they are by law now bound to do. Acts of 1815, pp. 56,-7,-8. The term of office, is by the act of 1819, extended to four years, and from thence until a successor in office shall have been elected, and shall be commissioned, and enter upon the duties of his office. Acts of 1819, p. 25 : and the act of 1820 requires that the bond of every public officer who is authorized by law to hold his office after the expiration of its regular term, shall contain an express clause specifying “ that the said bond shall enure, and be good against the obligors during the whole period, that the said officer shall or may continue in office.” Acts of 1820, p. 42.
I have thus gone through, and presented a concise view of all the acts of the Legislature which have any direct bearing on this question; for the purpose of inquiring, whether the condition of this bond is in conformity to them; and whether the defalcation *432 of the principal, Evans, is within the obligation, incurred by his' sureties. The condition of the bond is in the following words, viz.: “ "Whereas the above named Thomas P. Evans hath been duly elected Clerk of the Court of Common Pleas and General Sessions, for the district of Kershaw, for the term of four years from the ninth day of February next, and until a successor be elected, the condition of the above obligation is such, that if the above bound Thomas P. Evans shall well and faithfully discharge, and perform, the duties of said office of Clerk of the Court of General Sessions and Common Pleas for Kershaw district, to which he hath been duly elected for the said term of four years, and from thence until a successor shall be elected, and commissioned, duly qualified, and enter upon the discharge of the duties of the said office, then the above obligation shall be void, or else remain in full force and virtue; and provided also that the foregoing bond shall enure and be good against the aforesaid obligors for and during the whole period the said Thomas P. Evans shall or may continue in the said office.”
The Plaintiff's right to recover, has been resisted on two grounds : 1 st. That Evans’ holding over, < after his own re-election, is not a case contemplated by the act; and therefore that his sureties are not bound for his subsequent defalcation. 2d. That the recital in the bond, that he was elected for four years, and until a successor be elected, limits their liability to that period, notwithstanding the enlarged liability indicated by the condition. I will proceed to consider of these grounds in their order.
1st. The terms of the act of 1819 are general, that Clerks shall be elected for four years, and that they shall hold their offices from thence until a successor shall be elected, and commissioned, and enter upon the duties of his office; and the condition of this bond, pursuing the act of 1820, covers the whole period which the incumbent may remain in office. But the operation of these general terms in the act of 1819, it is contended, is limited to the evil recited in the preamble, arising out of the absence of any provision by law for the discharge of the duties of the office in the interval, between the election of a successor, and his entering on the duties of his office. The preamble of an act is frer quently resorted to, for the purpose of explaining an enacting clause of doubtful import; but it has never been regarded as controlling its plain and obvious meaning: nor will the general *433 words of the enacting clause be restrained by the particular words of the preamble. Lord Cowper in Copeman v. Gallant, 1 P. Wms. 320, cited Bac. Abr. Stat. I. 2, has furnished a strong illustration of the operation of such a rule, if it were admitted. “ If,” he remarks, “ the Coventry act had only recited the barbarity of slitting Sir John Coventry’s nose, and the enacting clause had been general against the doing any thing whereby a man is disfigured or defaced, it might agreeably to the notion that the preamble would restrain the enacting clause, have been said, that cutting off the lip, or putting out an eye, would not have been within the meaning of this statute, because neither of these were mentioned in the preamble.” We know too, that it is impossible to foresee all the evils which require a remedy; and that we should eternally fall short in any attempt at a precise enumeration; and in practical legislation it is not a rare occurrence, that the enacting clauses are in some degree foreign to the preamble. 1 am therefore of opinion, that the terms of the act of 1819 being general, and the bond in this case being in conformity with it, the sureties are bound for all the time their principal remains in the office under appointment; whether his holding over be for the ordinary interval between the expiration of a regular term of office, and the induction of a successor, or for any other period, or other cause whatever.
It has been said with much apparent show of reason, that this is calculated to impose a liability on the surety, not contemplated by law, and from which they cannot discharge themselves, because, if the incumbent is re-elected to the office, he may remain in, without new security, and in despite of his former sureties. The regular term of office of the Clerk is four years, and its extension for a longer period is only intended to provide for particular cases; and when the necessities which give rise to it, cease to exist, he is no longer intitled to hold the office' under that appointment, and if he holds over, he might be expelled by legal process. If it had so happened, that another had been elected at the expiration of Evans’ first term of office, and had given bond and security, taken the oath of office, and had done every thing else necessary, and was prepared and ready to take upon himself the duties of the office; or if Evans himself had assumed the duties of the office in the first instance, without ha *434 ving conformed to all the requisites enjoined by the law, it cannot be questioned, that he would have been guilty of an usurpar tion, and might have been removed upon quo warranto. And so, I think, if he remain in office after the expiration of his term, although he may have been re-elected, unless he give a new bond for the term then to commence; the sureties may be relieved in the same way. But this argument is more effectually answered by the maxim ita lex. His sureties are, by law, as well as the express terms of their bond, bound for his conduct until a successor enters upon the duties of the office, having been first duly elected and commissioned, and for the whole time that he remains in office.
The 2d objection grows out of the recital above set forth, that Evans had been elected to the office of clerk for the term of four years, and until a successor be appointed ; and the argument is, that the liability of his sureties is limited to the time of the election of a successor, notwithstanding the condition of his bond to discharge the duties of the office, until a successor shall be elect-ted and commissioned, duly qualified, and enter upon the discharge of the said office.
There is no question that general and unlimited terms are restrained and limited by particular recitals, when used in connexion with them, whether they are found in the recital of a bond or covenant, or any other writing, or used ill ordinary conversation, for the obvious reason that they convey a more definite idea, and are therefore less liable to misconception. The case of Lord Arlington v. Merricke, 3 Saund. 412, is an illustration of the rule. It was an action of debt on bond, which recited that one Jenkins had been appointed deputy postmaster for the term of six months, to commence on a stipulated day then to come, and the condition was, that the said Jenkins should during all the time that he should continue in the said office, well, truly, and faithfully perform the duties of the said office. Jenkins remained in the office after the expiration of the six months; and subsequently to that period received money which he neglected to account for, and pay over; and in an action upon the bond against his sureties it was held, that they were not liable, as the general terms all the time that he should remain in the office were restrained by the recital of his appointment for six months only. And the cases of the Commissioners of public accounts v. Greenwood, 1 *435 Desaus. 450, and the South Carolina Society v. Johnson, 1 M‘C. 41, and indeed all the other cases on the subject proceed upon the same rule.
Hart, for the motion.
-Desaussore, contra.
It is not, however, a mere arbitrary rule of positive obligation, , . „ , , , . . , , . 6 but is founded on the principle, that parties to a contract are bound according to the intention, to be collected from the whole contract taken together; and it is only used as a mean of ascertaining the intention. Sir Edmund Saunders, in his argument in the case of Lord Arlington v. Merricke, distinctly puts it upon that principle ; and Lord Hale refers to that argument for the reasons of his judgment upon the point, and whether we refer this case to the rule, or the principle, the result will be the same.
The terms used in the condition of this bond are themselves specific, and consistent with those in the recital. The recital is, that Evans was elected for four years, and until a successor be appointed. This is recapitulated in the condition, with a further specification that he shall continue to discharge the duties of the office, until in addition to the election of a successor, he shall be commissioned, duly qualified, and enter upon the duties of his office; and taken altogether, it forms, a consistent whole, involving no incongruity or inconsistency, and leaves no doubt about the intention. I am therefore of opinion that the demurrer should be overruled; but that defendants should have leave to plead to the merits ; and it is so ordered.