23899

L. Allen BROWN and Brenda C. Brown, Appellants v.
The CONTINENTAL INSURANCE COMPANY, Respondent.

434 S.E. (2d) 270

Supreme Court

*Patrick D. Partin* of *Tetterton & Partin*, Camden, *for appellants.*

*Richard C. Thomas* and *R. Lewis Johnson*, of *Barnes, Alford, Stork & Johnson*, Columbia, *for respondent.*

Heard June 11, 1993.

Decided July 12, 1993.

MOORE, Justice:

Appellants (the Browns) brought this declaratory judgment action to determine insurance coverage for injuries sustained by Mr. Brown in an automobile accident. We affirm.

## FACTS

At the time Mr. Brown was injured, the Browns had an au-

tomobile insurance policy with respondent (Continental). Neither of the Browns' two cars listed in the policy was involved in the wreck. The vehicle driven by the at-fault party was uninsured.

The Browns sought uninsured (UM) and underinsured (UIM) benefits from Continental. Continental paid $100,000 in UM benefits and $100,000 in UIM benefits according to the limits provided in its policy. The Browns brought this action seeking to stack UM and UIM coverage for each insured vehicle for a total of $200,000 UM benefits and $200,000 UIM benefits.

The trial judge ruled (1) stacking of UM and UIM benefits was prohibited under S.C. Code Ann. § 38-77-160 (1989) because neither insured auto was involved in the wreck and (2) the policy itself prohibited stacking if an insured vehicle was not involved in the wreck.

## ISSUE

Whether stacking of UM and UIM benefits is restricted under § 38-77-160 when no insured vehicle is involved in the accident.

## DISCUSSION

■ Until 1987, § 56-9-831, now § 38-77-160, provided:

Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by Section 56-9-830. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at fault insured or or underinsured motorist. If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. *If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to*

*the extent of coverage on any one of the vehicles with the
excess or underinsured coverage.* [Coverage on any other
vehicles shall not be added to that coverage.] Benefits
paid pursuant to this section shall be subject to subroga-
tion and assignment.

In 1987, the statute was amended to delete the bracketed sen-
tence: "Coverage on any other vehicles shall not be added to
that coverage."[1] Before the amendment, we construed this
statute to prohibit stacking of either UM or UIM benefits
when an insured vehicle is not involved in the accident. *Fire-
man's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 295 S.C.
538, 370 S.E. (2d) 85, 88-189 (1988) (UM); *Garris v. Cincinnati
Ins. Co.*, 280 S.C. 149, 311 S.E. (2d) 723, 727 (1984) (UIM). The
Browns contend deletion of the bracketed sentence removed
the restriction on stacking. We disagree.

Even without the bracketed sentence, § 38-77-160 provides
that when an insured vehicle is not involved in the accident,
coverage is available "only to the extent of coverage on any
one of the vehicles with the excess or underinsured coverage."
This language clearly restricts stacking by providing for cov-
erage from "any one" vehicle.[2] Both *Fireman's* and *Garris* cite
this language as well as the deleted sentence to support the
conclusion that stacking is not permitted.

The Browns argue legislative intent to remove the re-
striction on stacking is apparent in the heading to the
Act amending the statute: "Coverage restrictions
deleted and benefits not subject to subrogation and assign-
ment." The preamble of an act, while often used for the pur-
pose of explaining otherwise unclear legislative intent, does
not control where the statutory language has a plain and obvi-
ous meaning. *See Treasurers of the State v. Lang*, 18 S.C.L. (2
Bail.) 430 (1831). We find the plain and obvious meaning of
§ 38-77-160 prohibits stacking where none of the insured vehi-
cles is involved. *Accord Nat'l. Gen. Ins. Co. v. Pena*, — S.C.
—, 419 S.E. (2d) 375 (Ct. App. 1992).

Further, the policy in this case provides that neither UM

---

[1] The word "not" was also inserted after "shall" in the last sentence of the
statute by the same amendment. 1987 S.C. Act No. 166, § 22.

[2] This language is different than that construed as a cap on the amount
which *may* be stacked when an insured vehicle is involved. *See S.C. Farm
Bureau Mut. Ins. Co. v. Mooneyham*, 304 S.C. 442, 405 S.E. (2d) 396 (1991).

nor UIM can be stacked when an insured vehicle is not involved in the wreck. The Browns contend these restrictions on stacking are invalid under *Jackson v. State Farm Mutual Auto. Ins. Co.*, 288 S.C. 335, 342 S.E. (2d) 603 (1986), and *Giles v. Whitaker*, 297 S.C. 267, 376 S.E. (2d) 278 (1989). In *Jackson* and *Giles*, we held that a policy provision which attempts to limit stacking of "statutorily required coverage" is invalid. In *Jackson*, we specifically noted that required coverage includes coverage that is required to be provided *or required to be offered*. 342 S.E. (2d) at 604, n. 1. Thus, the Browns correctly assert that UM and UIM qualify as "statutorily required coverage."

*Jackson* and *Giles*, however, involved liability insurance which is not subject to a *statutory* restriction on stacking. Here, § 38-77-160 prohibits stacking of UM and UIM when an insured vehicle is not involved in the wreck. The policy restriction merely tracks the statutory restriction and is therefore valid.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.