**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

April Brooke Cox, as Personal Representative of the
Estate of Elijah Cox, deceased, Appellant,

v.

State Farm Mutual Automobile Insurance Company and
Glen Bauer, Jr., Respondents.

Appellate Case No. 2020-000034

———————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-327
Submitted July 27, 2022 – Filed August 10, 2022

———————

**AFFIRMED**

———————

Frederick W. Riesen, III, of Riesen DuRant, LLC, of
Mount Pleasant; and Bert Glenn Utsey, III, of Clawson
Fargnoli Utsey, LLC, of Charleston, both for Appellant.

Timothy Alan Domin, of Charleston, for Respondents.

———————

**PER CURIAM:** April Brooke Cox, as Personal Representative of the Estate of
Elijah Cox (the Estate), appeals the circuit court's order granting summary
judgment in favor of State Farm Automobile Insurance Company (State Farm) and

Glen Bauer, Jr.  On appeal, the Estate argues the circuit court erred by finding State Farm validly restricted the portability of underinsured motorist (UIM) coverage because the resident relative insured was also entitled to recover UIM coverage under another policy.  We affirm.

Although the Estate characterizes the issue on appeal as one regarding portability, it recovered from one "at-home" UIM policy and is attempting to recover from a second "at-home" UIM policy; thus, this case involves stacking.  *See Giles v. Whitaker*, 297 S.C. 267, 268, 376 S.E.2d 278, 279 (1989) ("Stacking is defined as the insured's recovery of damages under more than one policy until all of his damages are satisfied or the limits of all available policies are met.").  Because State Farm's policy language tracked the statutory restriction against stacking, we hold the circuit court did not err by granting summary judgment.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 265, 831 S.E.2d 406, 408 (2019) ("When cross motions for summary judgment are filed, the issue is decided as a matter of law."); *B.L.G. Enter., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999) ("Insurance policies are subject to the general rules of contract construction."); *Neumayer*, 427 S.C. at 265, 831 S.E.2d at 408 ("An insurer may impose conditions on a policy provided they do not contravene public policy or violate a provision of law."); *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and [an appellate court] reviews questions of law de novo."); *Nakatsu v. Encompass Indem. Co.*, 390 S.C. 172, 179, 700 S.E.2d 283, 287 (Ct. App. 2010) ("Stacking of UIM coverage, which is a statutorily required coverage, is governed specifically by statute."); S.C. Code Ann. § 38-77-160 (2015) ("If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on *any one* of the vehicles with the excess or underinsured coverage." (emphasis added)); *Brown v. Cont'l Ins. Co.*, 315 S.C. 393, 395, 434 S.E.2d 270, 271-72 (1993) ("This language clearly restricts stacking by providing for coverage from 'any one' vehicle.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.