**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-1680**

———————————

PROGRESSIVE NORTHERN INSURANCE COMPANY,

Plaintiff - Appellee,

and

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant - Appellee,

v.

DONALD LADUE, as Personal Representative of the Estate of Jeremy Ladue,

Defendant - Appellant.

———————————

**No. 21-2075**

———————————

PROGRESSIVE NORTHERN INSURANCE COMPANY,

Plaintiff - Appellant,

v.

DONALD LADUE, as Personal Representative of the Estate of Jeremy Ladue;
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendants - Appellees.

———————————

Appeals from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:20-cv-03068-DCN)

Submitted:  April 27, 2023                                    Decided:  August 17, 2023

Before THACKER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  J.R. Murphy, MURPHY & GRANTLAND, PA, Columbia, South Carolina, for Appellants.  A. Johnston Cox, Columbia, South Carolina, for Appellee Allstate Fire and Casualty Insurance Company.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Donald Ladue ("Ladue"), as the personal representative of the estate of Jeremy Ladue, seeks to appeal the district court's order granting Progressive Northern Insurance Company's ("Progressive") and Allstate Fire and Casualty Insurance Company's ("Allstate") motions for judgment on the pleadings on one of two claims. Progressive also seeks to appeal the court's subsequent order denying its motion for judgment on the pleadings on the second claim. We affirm.

On April 13, 2020, Jeremy Ladue ("Jeremy"), a deputy for the Charleston County Sherriff's Department, died in a car accident while on patrol in a vehicle owned by the County of Charleston, South Carolina. At the time, Jeremy owned an insurance policy with Progressive, which provided underinsured motorist ("UIM") bodily injury coverage with a limit of $100,000 and UIM property damage coverage with a limit of $100,000. Jeremy's parents owned an insurance policy with Allstate, which also provided UIM bodily injury coverage with a limit of $100,000 and UIM property damage coverage with a limit of $100,000. Jeremy qualified as an insured under the Allstate policy at the time of the accident.

After Jeremy died, his estate made a claim for UIM coverage under the Progressive policy. After Progressive learned that Jeremy was also insured under the Allstate policy, Progressive provided the estate $50,000 in UIM bodily injury coverage and $50,000 in property damage coverage. In total, Progressive provided Jeremy's estate $100,000, half of the Progressive policy's UIM limit. Allstate similarly provided Jeremy's estate $50,000

3

in UIM bodily injury coverage and $50,000 in property damage coverage, for a total of $100,000, half of the Allstate policy's UIM limit.

In 2020, Progressive filed a diversity-based civil action against Ladue and Allstate seeking two declaratory judgments. First, Progressive sought a declaration that Ladue had already recovered the maximum amount of UIM coverage to which he was entitled as a result of the April 13, 2020, accident. Second, Progressive sought a declaration that its proportionate share of the maximum amount of UIM coverage Ladue was entitled to recover as a result of the accident was one-third of $100,000 in UIM bodily injury coverage and $100,000 in UIM property damage coverage.

Allstate answered the complaint and asserted a crossclaim against Ladue and a counterclaim against Progressive. In its crossclaim, Allstate sought a declaration that Ladue was limited to a maximum UIM recovery of the single highest UIM limit from any one at-home vehicle. In its counterclaim, Allstate sought a declaration that its proportionate share of the maximum amount of UIM coverage Ladue was entitled to recover as a result of the accident was one-half of $100,000 in UIM bodily injury coverage and $100,000 in UIM property damage coverage. Ladue also answered Progressive's and Allstate's claims and filed a counterclaim against Progressive. Ladue sought a declaration that he was entitled to the full amount of UIM coverage available under each policy, for a total of $400,000.

Progressive and Allstate filed motions for judgment on the pleadings, asserting that Ladue had already recovered the maximum amount of UIM coverage to which he was entitled. The district court granted Progressive's and Allstate's motions for judgment on

4

the pleadings and held that Ladue had received the maximum amount of UIM coverage to which he was entitled. The district court's order is the subject of Appeal No. 21-1680. Progressive also filed a motion for judgment on the pleadings regarding its claim that it was only obligated to contribute one-third of the estate's recovery on the insurance policies. The court denied Progressive's motion, explaining that Progressive was obligated to pay a one-half share of the total recovery. In Appeal No. 21-2075, Progressive appeals the court's order denying its motion for judgment on the pleadings.

In Appeal No. 21-2075, Allstate asserts that this court lacks jurisdiction over the district court's order denying Progressive's motion for judgment on the pleadings. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "[A] final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks omitted); *see Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) ("Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." (internal quotation marks omitted)).

Although not raised by the parties in Appeal No. 21-1680, we first must additionally determine whether this court has jurisdiction over the district court's first order granting Allstate's and Progressive's motions for judgment on the pleadings, given that Ladue's notice of appeal was filed before the court resolved all of the claims. *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (recognizing "independent obligation to verify the

5

existence of appellate jurisdiction" (internal quotation marks omitted)). When a notice of appeal is premature, the jurisdictional defect can be cured under the doctrine of cumulative finality if the district court enters a final disposition of all claims as to all parties prior to our consideration of the appeal. *Id.* at 170; *Equip. Fin. Grp., Inc. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992). However, not all premature notices of appeal are subject to the cumulative finality rule; this doctrine applies only if a party appeals from an order that the district court could have certified for immediate appeal under Rule 54(b). *Williamson*, 912 F.3d at 170. A district court may certify an order for immediate appeal under Rule 54(b) when the court directs entry of judgment "as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b); *see Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (recognizing that Rule 54(b) certification is appropriate if order represents "an ultimate disposition of an individual claim entered in the course of a multiple claims action" (internal quotation marks omitted)). Because the first order resolved the sole claim in which Ladue was a party, and the action involved two claims, the district court could have certified the first order for immediate appeal under Rule 54(b).

To consider Appeal No. 21-1680 under the doctrine of cumulative finality, we must next assess whether the district court has entered final judgment. This in turn implicates the jurisdictional challenge raised in Appeal No. 21-2075. If we conclude that the district court's second order is final, we have jurisdiction over both appeals.

The Declaratory Judgment Act specifies that a declaratory judgment is a final order. 28 U.S.C. § 2201. "Once a district court has ruled on all of the issues submitted to it, either

6

deciding them or declining to do so, the declaratory judgment is complete, final, and appealable." *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 211 (3d Cir. 2001). *But see Kinsale Ins. Co.*, 31 F.4th at 874-75 (holding that judgment on liability that does not fix damages not a final judgment). Because the district court entered a declaratory judgment on both claims and no claims remain for the court to resolve, including claims raised in the crossclaim and counterclaims, we possess jurisdiction over both appeals.

Turning to the merits, in Appeal No. 21-1680, Ladue argues that the provisions of the Progressive and Allstate policies that restrict the portability of UIM coverage to an insured injured in a non-owned vehicle are contrary to South Carolina's public policy and unenforceable. In response, Progressive and Allstate assert that Ladue's demand for an additional UIM limit amounts to stacking, which is not permitted because Ladue did not have a vehicle involved in the accident.

This court reviews de novo a district court's order granting a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. *Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 639 (4th Cir. 2020). The standard of review for Rule 12(c) motions is the same as the standard used to review a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012). In reviewing a court's order granting a Rule 12(c) motion, "we recount the facts as alleged by Plaintiff, accepting them as true and drawing all reasonable inferences in Plaintiff's favor." *Conner v. Cleveland Cnty.*, 22 F.4th 412, 416 (4th Cir.), *cert. denied*, 143 S. Ct. 523 (2022). "A motion for judgment on the pleadings is properly granted if it appears certain that the plaintiff cannot prove any set of facts in support of its claim

7

entitling it to relief." *Pulte Home Corp. v. Montgomery Cnty.*, 909 F.3d 685, 691 (4th Cir. 2018) (cleaned up).

Under South Carolina law, "[i]f none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." S.C. Code Ann. § 38-77-160; *see Brown v. Cont'l Ins. Co.*, 434 S.E.2d 270, 272 (S.C. 1993) ("We find the plain and obvious meaning of § 38-77-160 prohibits stacking where none of the insured vehicles is involved."). "Stacking is the insured's recovery of damages under more than one policy until the insured satisfies all of his damages or exhausts the limits of all available policies." *Cont'l Ins. Co. v. Shives*, 492 S.E.2d 808, 810 (S.C. Ct. App. 1997). "The critical question in determining whether an insured has the right to stack is whether he is a Class I or Class II insured." *Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.*, 498 S.E.2d 865, 866 (S.C. 1998). Only a Class I insured may stack. *Nakatsu v. Encompass Indem. Co.*, 700 S.E.2d 283, 287 (S.C. Ct. App. 2010). A Class I insured is someone who "has a vehicle involved in the accident," and a Class II insured is someone "whose vehicle was not involved in the accident." *S.C. Farm Bureau Mut. Ins. Co. v. Mooneyham*, 405 S.E.2d 396, 397 n.1 (S.C. 1991). A Class II insured is limited to the extent of coverage on any one of his at-home vehicles with UIM coverage. *See Brown*, 434 S.E.2d at 271-72.

Because Jeremy did not have a vehicle involved in the accident, he was a Class II insured and could not stack UIM coverage limits. Ladue attempts to avoid the prohibition against stacking by arguing that Allstate and Progressive cannot place limits on the portability of UIM coverage under South Carolina law. "[P]ortability refers to a person's

8

ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages sustained in the accident." *Nakatsu*, 700 S.E.2d at 288. Because the accident did not involve a covered vehicle, the policies needed to be portable for Ladue to recover. Allstate and Progressive agreed that the policies were portable and provided coverage. However, as the district court found, the relevant issue is one of stacking, not portability. Because Ladue seeks to recover UIM limits from more than one at-home vehicle, he seeks to stack UIM coverages, which is prohibited for Class II insureds. Thus, we affirm the district court's order in Appeal No. 21-1680 granting Progressive's and Allstate's motions for judgment on the pleadings.

In Appeal No. 21-2075, Progressive argues that the district court erred in holding that its proportionate share of the UIM coverage owed to Ladue was one-half because Progressive only insured one of the three vehicles insured. In response, Allstate asserts that the district court properly found that Progressive owed one-half of the UIM coverage.

The Progressive policy states that Progressive's share will be determined according to all available coverage limits. As the district court explained, Progressive cannot argue that Ladue cannot stack coverages for the purpose of determining the estate's recovery, while also contending that it may stack the same coverages for the purpose of determining the portion of the estate's recovery it is required to pay. *See Brown*, 434 S.E.2d at 272. Although the Allstate policy covers two vehicles and the Progressive policy covers one vehicle, that does not change the UIM coverage available to Jeremy's estate under South Carolina law. Thus, the district court did not err in denying Progressive's motion for judgment on the pleadings in Appeal No. 21-2075.

9

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*