24210

Thurston M. MERCK, Respondent v.
NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner.
(455 S.E. (2d) 697)

Supreme Court

*John M. O'Rourke* and *J. Victor McDade* of *Doyle & O'Rourke,* Anderson, *for petitioner.*

*Christopher G. Olsen,* of *Olsen & Lindsay,* Clemson, *for respondent.*

Submitted Feb. 2, 1995.

Decided Feb. 27, 1995.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

*Per Curiam:*

In this declaratory judgment action involving automobile insurance, the Master-in-Equity determined that respondent (Merck) could not stack his underinsured motorist coverage. The Court of Appeals reversed in an unpublished opinion. *Merck v. Nationwide Mutual Insurance Co.,* Op. No. 94-UP-152 (S.C. Ct. App. filed May 12, 1994). Petitioner (Nationwide) now seeks a writ of certiorari to review the opinion of the Court of Appeals. We deny the petition on Question II, grant the petition on Question I, dispense with further briefing, and affirm the decision of the Court of Appeals.

Merck had an insurance policy with Nationwide coverage four vehicles. While traveling in one of the vehicles, Merck pulled off the side of the road because of car trouble. A passing wrecker was flagged down, loaded Merck's vehicle onto the towbed of the truck, and secured it. While Merck and the wrecker driver were standing in the emergency lane of the highway, an intoxicated driver ran off the road and struck Merck, the wrecker driver, and the wrecker. Merck was injured, the wrecker driver was killed, and Merck's vehicle was thrown from the wrecker and sustained damage.

Merck recovered underinsured motorist coverage on the vehicle he was driving at the time from Nationwide. He then

brought this declaratory judgment action seeking to stack the underinsured motorist coverage on the other three vehicles covered by his policy with Nationwide. The Master-in-Equity found that Merck was not entitled to stack his underinsured motorist coverage because his vehicle was not "involved in the accident" as that phrase is used in S.C. Code Ann. § 38-77-160 (1989).

Section 38-77-160 provides, in part:

> If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basis limits, the policy shall provide that the insured or named insured is protected only to the extend of the coverage he has on the vehicle *involved in the accident.* If none of the insured's or named insured's vehicles is *involved in the accident,* coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

(Emphasis added.)

The Court of Appeals defined the term "involved" as "to relate to or have an effect on . . . to draw in as a participant . . . [to] implicate, include, affect." *Merck v. Nationwide Mutual Insurance Co., supra,* at 3. Finding that Merck's vehicle was present at the scene and the accident had an effect on the vehicle, the court held that Merck's vehicle was "involved in the accident" under § 38-77-160. We agree and adopt the definition used by the Court of Appeals.

The decision of the Court of Appeals is, accordingly, affirmed and the matter is remanded to the Master-in-Equity for further proceedings not inconsistent with this opinion.

Affirmed.