**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1654

GEORGE MIMS; CECILIA MIMS,

Plaintiffs - Appellants,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge. (4:19-cv-00765-JD)

Submitted: March 16, 2023                                    Decided: March 21, 2023

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Thomas J. Rode, THURMOND KIRCHNER & TIMBES, P.A., Charleston, South Carolina, for Appellants. John Robert Murphy, MURPHY & GRANTLAND, PA, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George and Cecilia Mims appeal the district court's orders granting USAA Casualty Insurance Company's motion for summary judgment and denying the Mimses' subsequent motion to alter or amend the judgment or for certification of questions to the South Carolina Supreme Court on the Mimses' declaratory judgment action related to the stacking of underinsured motorist coverage under their insurance policy with USAA. For the following reasons, we affirm.[*]

We review a district court's summary judgment ruling de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020). "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *J.D. ex rel. Doherty v. Colonial Williamsburg Found.*, 925 F.3d 663, 669 (4th Cir. 2019) (internal quotation marks omitted). In conducting this inquiry, courts may not "weigh conflicting evidence or make credibility determinations." *Id.* But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or

---

[*] We previously denied the Mimses' motion for certification to the Supreme Court of South Carolina.

the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Under South Carolina law, stacking allows an insured motorist to recover damages under more than one policy until he satisfies all of his damages or exhausts the limits of his available policies. *Giles v. Whitaker*, 376 S.E.2d 278, 279 (S.C. 1989). An insured may stack unless limited by statute or a valid provision in his insurance policy. *Jackson v. State Farm Mut. Auto. Ins. Co.*, 342 S.E.2d 603, 604 (S.C. 1986). South Carolina law limits stacking of underinsured motorist coverage if "none of the insured's or named insured's vehicles is involved in the accident." S.C. Code Ann. § 38-77-160. Instead, "coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." *Id.*

In *Merck v. Nationwide Mut. Ins. Co.*, the Supreme Court of South Carolina adopted a definition of "involved," as used in § 38-77-160, meaning "to relate to or have an effect on . . . to draw in as a participant . . . [to] implicate, include, affect." 455 S.E.2d 697, 698 (S.C. 1995). Applying *Merck*, the district court found that the Mimses' vehicle was not "involved in" the accident because the accident did not have "an effect on" their vehicle, therefore only seeming to consider one of the disjunctive elements of the definition outlined in *Merck*. Thus, because the district court did not appear to consider whether the accident also "related to," "implicated," "included," or "drew in as a participant," the Mimses' vehicle, the court may have improperly limited its definition of "involved in" when applying it to the facts of this case.

3

However, even considering the other elements of this definition, including whether the accident "related to," "implicated," "included," or "drew in as a participant," the Mimses' vehicle, we conclude that the Mimses failed to demonstrate that their vehicle was "involved in" the relevant accident. Among other factors, the record fails to demonstrate that Mims had any contact with his vehicle, either before or after the accident, and there was no causal connection between his vehicle and the injuries he suffered. Mims was walking to his vehicle at the time he was struck but, by his own testimony, he had not yet reached his vehicle or physically engaged with it besides unlocking it remotely from across the parking lot.

The Mimses are also not entitled to relief under the occupancy provision in their insurance policy, which defines "occupying" as "in, on, getting into or out of." As a threshold matter, the parties dispute whether the occupancy provision is valid. The Mimses argue that the provision is void because it limits the circumstances in which stacking is allowed in violation of South Carolina's mandate that insurers may not limit coverage in individual policies in a way that contravenes § 38-77-160, while USAA argues that the provision actually expands the circumstances in which stacking is allowed, and is therefore valid. However, regardless of whether this policy provision broadens or narrows the circumstances in which stacking is allowed, the circumstances here are not encompassed by the provision, as Mims was not "in, on, getting into or out of" his vehicle at the time of the accident. *See Cramer v. Nat'l Cas. Co.*, 690 F. App'x 135, 138-39 (4th Cir. 2017) (argued but unpublished) (holding that, under South Carolina law, act of "'getting to' or 'approaching' [a] vehicle" is beyond terms of insurance policy with occupancy provision).

4

Accordingly, we affirm both orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*